Lance A. LEWANDOWSKI, Plaintiff-Appellant,

v.

STATE of Wisconsin, Defendant-Respondent.

Court of Appeals

*No. 86–2340. Submitted on briefs May 26, 1987.—Decided June 10, 1987.*

(Also reported in 411 N.W.2d 146.)

On behalf of the plaintiff-appellant the cause was submitted on the briefs of *Gary C. McGregor* of *Kutschenreuter & McGregor* of Hartford.

On behalf of the defendant-respondent the cause was submitted on the brief of *Judith A. Ullrich Langer,* assistant district attorney for Washington county.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J. Lance A. Lewandowski appeals from an order of the circuit court which upheld the

Department of Transportation's (department) order revoking Lewandowski's driving privileges. Lewandowski's driving privileges were revoked for five years under the Habitual Traffic Offender (HTO) section of the Motor Vehicle Code, sec. 351.025, Stats.[1] Lewandowski argues that the state cannot revoke his license as an HTO because he was not informed by the court that the traffic violations he was convicted of could also be used to classify him as an HTO. Lewandowski further argues that the equipment violations which were part of the order classifying him as an HTO did not constitute moving violations as required under sec. 351.02(1)(b), Stats. Because we conclude that notice need not be given to a traffic offender that the offense will count towards possible status as an HTO and because we conclude that the equipment violations in question do qualify as moving violations, we affirm.

On June 19, 1986, the department revoked the operating license of Lewandowski for five years as an HTO. The revocation was based on secs. 351.02(1)(b) and 351.025, Stats., which require revocation of driving privileges for five years if a person has accumulated twelve or more convictions for moving violations in a five-year period. Three of Lewandowski's twelve violations were for equipment violations, specifically, two convictions for a defective speedometer and one for improper lights.

The first issue is whether a judge is required to inform a defendant that a conviction for a moving violation could be counted against him when classifying the defendant as an HTO under sec. 351.02, Stats.

---

[1]This case was ordered to be heard by a three-judge panel by order of the chief judge pursuant to sec. 809.41(3), Stats.

407

Lewandowski points to sec. 343.27(2), Stats., which states that the presiding judge shall inform a person charged with violation of a traffic law that a conviction could lead to demerit points under sec. 343.32(2), Stats., or the possible revocation of his driving privileges. Lewandowski argues that this statute requires that the judge also inform a person that a conviction for a traffic violation could lead to a classification as an HTO.

The construction of a statute is a question of law. Therefore, this court does not defer to the holding of the trial court. *State v. Waalen,* 130 Wis. 2d 18, 24, 386 N.W.2d 47, 49 (1986). We conclude that a judge is not required to give notice to a defendant that a conviction for a traffic offense could lead to classification as an HTO under sec. 351.02, Stats. Courts are required to give notice to a defendant of all direct consequences of a conviction before the defendant makes his plea. However, there is no statutory obligation to inform the defendant of any collateral consequences of a conviction. *State v. Madison,* 120 Wis. 2d 150, 159, 353 N.W.2d 835, 840 (Ct. App. 1984). A traffic violator has no due process right to be informed of the collateral consequences of an HTO classification because of his plea to the underlying traffic offense. *Id.* at 161, 353 N.W.2d at 841. The trial court did not err by not informing Lewandowski of his possible classification as an HTO.

The second issue is whether equipment violations constitute moving violations for purposes of classification as an HTO under sec. 351.02(1)(b), Stats. There is no express definition of moving violations in the Motor Vehicle Code nor in the department regulations. Lewandowski argues that "moving violation"

means a violation of a rule of the road while the vehicle is moving. He therefore concludes that a defective speedometer or headlight is not a moving violation and should not be used against him when determining his HTO status.

The department ruled in this case that Lewandowski's equipment violations did constitute moving violations for purposes of classification as an HTO. When reviewing a ruling of an administrative agency, this court's scope of review is identical to that of the circuit court, and questions of law, such as the application of a statute, are reviewable *ab initio. Drivers Local No. 695 v. WERC,* 121 Wis. 2d 291, 295, 359 N.W.2d 174, 176 (Ct. App. 1984). However, when it is an administrative agency's duty to enforce a statute, this court is to give great weight to that agency's interpretation. *Calumet County v. LIRC,* 120 Wis. 2d 297, 300, 354 N.W.2d 216, 218 (Ct. App. 1984). If an agency's conclusion is reasonable, we will not upset the conclusion on appeal. *Id.*

The department reasonably concluded that certain equipment violations constitute moving violations. Section 347.41, Stats., states that no person may operate a motor vehicle on a highway unless it is equipped with a speedometer. Likewise, sec. 347.06, Stats., states that no person may operate a motor vehicle on a highway unless the vehicle is equipped with headlights. Both of these sections of the motor vehicle code require that the motorist be operating the vehicle to be convicted of the equipment violation. It is only when the vehicle is operated on the highway in traffic that the hazard to other motorists is created.

Lewandowski further argues that the department standard is arbitrary because his convictions for a defective muffler were not considered moving violations. We do not agree that the department standard is arbitrary. While a defective muffler may create a noise nuisance on the highway, it does not create the same danger to other motorists as a defective speedometer or headlight. In general, nonmoving violations are violations that do not affect highway safety. *State v. Strassburg,* 120 Wis. 2d 30, 35, 352 N.W.2d 215, 217 (Ct. App. 1984). A defective muffler would not generally endanger highway safety. Therefore, it was reasonable for the department to classify a defective muffler as a nonmoving violation.

*By the Court.*—Order affirmed.