Jerry Lee McMULLEN, Petitioner-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION,
and Owens-Illinois, Inc., Respondents.

Court of Appeals

*No. 88-0971. Orally argued November 14, 1988.—Decided
December 20, 1988.*

(Also reported in 434 N.W.2d 830.)

For the petitioner-appellant, there were briefs by *Timothy E. Hawks* and *Dinah M. Crayton, of Hawks, Shneidman, Myers, Dowling & Blumenfield,* of Milwaukee. Oral argument by *Timothy E. Hawks.*

For the respondent, Labor and Industry Review Commission, there was a brief by *Donald J. Hanaway,* attorney general, and *David C. Rice,* assistant attorney general. Oral argument by *David C. Rice.*

For respondent, Owens-Illinois, Inc., there were briefs and oral argument by *Ronald S. Aplin, Johnson, Weis, Paulson & Priebe, S.C.* of Rhinelander.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   This is an appeal from a judgment affirming a Labor and Industry Review Commission determination under the Wisconsin Fair Employment Act. The commission concluded that Owens-Illinois, Inc., is not required to transfer Jerry Lee McMullen, a handicapped employee, from its woodlands division to its mill division because such a transfer would impose a hardship on Owens-Illinois by subjecting it to reverse discrimination claims. However, the commission now maintains that the duty to reasonably accommodate a handicapped employee never requires an employer to transfer a handicapped employee to another position. We conclude that "reasonable accommodation" may include a transfer of a handicapped employee to another position for which he is qualified, depending on the facts of each individual case. We also conclude that the record supports neither the commission's nor the circuit court's finding of hardship. Therefore, the judgment is reversed and remanded to the commission

271

with directions to conduct a hearing to determine whether such a transfer is reasonable under the circumstances and, if so, whether it would impose a hardship on Owens-Illinois.

Owens-Illinois employed McMullen as a timber worker in its woodlands division. Another division of Owens-Illinois operated a papermill in Tomahawk. Early in 1983, McMullen began experiencing inflammation of his joints, which his physician diagnosed as rheumatoid arthritis. This condition caused swelling and pain in his knees and wrists. McMullen's physician therefore advised him to avoid his job as a woodcutter because the use of the affected joints, combined with the extreme temperatures, would aggravate the symptoms of his arthritis, make the disease more difficult to control, and could eventually cause permanent damage. He recommended that McMullen seek different employment involving indoor work.

McMullen explained his condition and its effect on his ability to work outdoors to the operations manager of Owens-Illinois' woodlands division and requested a transfer to the mill, where there was at least one open position. He made repeated requests for a transfer, which were denied. Ultimately, McMullen resigned his position with the woodlands division.

McMullen subsequently filed a discrimination charge with the Department of Industry, Labor and Human Relations. After holding a prehearing conference, the administrative law judge concluded that McMullen failed to state a claim under sec. 111.34(1)(b), Stats. The administrative law judge stated that the duty to accommodate an employee's handicap does not require a transfer to a different job but is limited to such accommodations as are necessary to allow the handicapped individual to perform the job he

272

or she held at the time the disability occurred. After holding a hearing on McMullen's allegation of disparate treatment because of his handicap, the administrative law judge concluded that McMullen had not been subjected to intentional discrimination. The latter finding is not being appealed.

McMullen appealed the former portion of the administrative law judge's determination to the commission, which affirmed the decision on a different ground. The commission assumed that the duty to accommodate may require a transfer to a different job but concluded that the requested accommodation would constitute a hardship for the employer because it might subject Owens-Illinois to "reverse determination" claims and therefore was not required under sec. 111.34(1)(b).

McMullen petitioned the circuit court for judicial review of the commission's decision. Before the circuit court, the commission modified its previous position and argued that the duty to accommodate never includes assignment to a different position. The court affirmed the commission's dismissal of McMullen's complaint based upon its conclusion that the requested relief would impose a hardship on the employer's hiring policies.

We review the commission's decision using the same standard of review as applied by the circuit court. *Lewandowski v. State,* 140 Wis. 2d 405, 409, 411 N.W.2d 146, 148 (Ct. App. 1987). When reviewing the commission's factual determinations, we will uphold them as long as they are supported by substantial evidence. Sec. 227.57(6), Stats. Ordinarily, we defer to the commission's determinations on questions of law because of the commission's experience and expertise where the determination involves the interpretation of a law that

the commission is charged with administering. *See Robert Hansen Trucking, Inc. v. LIRC,* 126 Wis. 2d 323, 331, 377 N.W.2d 151, 155 (1985). In the instant case, however, the commission made two separate and conflicting representations at different stages of the proceedings regarding the scope of the duty to reasonably accommodate a handicapped employee. In its written decision the commission stated that the duty to accommodate may include transfer to a different position. However, the commission now argues that this duty never includes such a transfer. For this reason, all parties have agreed that we owe no special deference to the commission's decision.

The first issue is whether the duty to reasonably accommodate may require the employer to transfer a handicapped individual from his present position, which he cannot perform because of his handicap, to another position, which the handicapped individual can appropriately undertake. This involves statutory interpretation, which is a question of law. *Tucker v. Marcus,* 142 Wis. 2d 425, 432, 418 N.W.2d 818, 820 (1988).

Section 111.34(1)(b) requires an employer to "reasonably accommodate an employe's or prospective employe's handicap unless the employer can demonstrate that the accommodation would pose a hardship on the employer's program, enterprise or business." The purpose of statutory interpretation is to ascertain and give effect to the legislature's intent. *Ball v. District No. 4 Area Bd.,* 117 Wis. 2d 529, 537–38, 345 N.W.2d 389, 394 (1984). In doing so, we first look to the statutory language; if the statute's meaning is clear, we will not look outside the statute. *Id.* at 538, 345 N.W.2d at 394. The statute does not define "reasonably accommodate," nor does the statute specify the extent of the

accommodation. Yet, "reasonably accommodate" could be interpreted in either one of the ways advanced here. Therefore, the statute is ambiguous, and we may look to its context, scope, subject matter, legislative history and purpose to determine the legislative intent. *Id.*

Because the legislative history fails to disclose whether the legislature intended the duty to reasonably accommodate an employe's handicap to include a transfer to another position, we examine the purpose of the act itself. Section 111.34, a remedial statute, is designed to address the specific problem of discrimination against handicapped individuals. As a remedial statute, it should be broadly interpreted to resolve the problem it was designed to address. *Central Nat'l Bank v. Dustin,* 107 Wis. 2d 614, 619, 321 N.W.2d 321, 323 (Ct. App. 1982).

Furthermore, the legislative intent, as announced by the legislature itself, is to encourage and foster to the fullest extent practicable the employment of all properly qualified individuals regardless of any handicap, and the legislature intended that the Fair Employment Act be liberally construed to effectuate its policies and purposes. *Ray-O-Vac v. DILHR,* 70 Wis. 2d 919, 931, 236 N.W.2d 209, 214–15 (1975); sec. 111.31(3), Stats.

Both parties have urged us to examine federal and state case law interpreting statutes on the same subject as the one at issue here. However, the statutory language and scheme contained in the analogous state and federal legislation differ, sometimes significantly, from that found in sec. 111.34(1)(b). Our legislature has established its own scheme for dealing with employment discrimination based on handicap and has articulated the specific policy considerations underlying that scheme. Therefore, we will construe sec. 111.34(1)(b) in

accordance with our legislature's intention rather than with the intention of other jurisdictions.

Having determined that "accommodate" should be broadly interpreted to include a transfer so as to effectuate the legislative intent, we examine the qualifications on the duty to accommodate. Our conclusion that the duty to accommodate may involve the transfer of an individual from one job to another does not mean that the employer must do so in every case. The statute requires only a reasonable accommodation. What is reasonable will depend on the specific facts in each individual case. Some considerations that may be considered in determining whether a transfer is a reasonable accommodation is the relationship between the two positions, their nature and physical location, and the handicapped individual's ability to perform the responsibilities of the second position. The foregoing list is illustrative rather than exclusive, and the specific considerations as to what composes a reasonable accommodation will have to be addressed on a case-by-case basis.

Owens-Illinois urges that a transfer from one division to another is unreasonable as a matter of law. We disagree. An interdivisional transfer may under some circumstances be an unreasonable accommodation. However, we are unwilling to adopt a rule of law that says such a transfer is always unreasonable. This determination is fact sensitive and is not subject to sweeping propositions of law. For example, the individual relationship between divisions for any specific employer may vary dramatically. In this case, we know little about the relationship between the woodlands division and the papermill division and therefore cannot adequately determine whether a transfer from

one division to the other would be an unreasonable accommodation.

In addition to the statutory requirement that the accommodation be reasonable, no accommodation is required if it would impose a hardship on the employer. Sec. 111.34(1)(b), Stats. Here, both the commission and the circuit court determined that the transfer from the woodlands division to the mill division would work a hardship on Owens-Illinois. The problem with this determination is that the record is devoid of any facts to support it. *See* sec. 227.57(6), Stats. Because the administrative law judge found that the duty to reasonably accommodate never includes the duty to transfer to another job, the hardship issue was never addressed at that level. Therefore, no record was developed on this issue.

We do note that while there may be some overlap regarding the factors to be considered in determining whether an accommodation is reasonable and whether it would impose a hardship on a particular employer, the two are separate and distinct considerations that are to be addressed independently. Although a requested accommodation is reasonable, it may nonetheless work a hardship on a specific employer for various reasons. This, too, is a factual determination that must be addressed on a case-by-case basis. Because we have no factual basis upon which to evaluate the hardship issue, this matter is also remanded to the commission for such a factual determination.

*By the Court.*—Judgment reversed and cause remanded with directions.

CANE, P.J. (concurring). I concur with the majority except I would conclude that, as a part of its analysis, the commission must determine whether the

employer has failed to accommodate the employee to another job that is related to the responsibilities of that individual's employment. If it is not job-related, the inquiry ends and there is no discrimination under sec. 111.34, Stats.

The pertinent part of sec. 111.34(2)(a) reads:

> [I]t is not employment discrimination because of handicap ... to ... terminate from employment ... any individual ... if the handicap is reasonably related to the individual's ability to adequately undertake the job-related responsibilities of that individual's employment ....

Section 111.34(2)(b) sets forth some criteria when evaluating whether the individual employee can adequately undertake the job-related responsibilities of a particular job. The statute also tells us that this evaluation must be done on a case-by-case basis. Consequently, if the employee cannot adequately undertake the job-related responsibilities of his or her employment, there is no discrimination if the employer terminates that person's employment.

If the employer can terminate a person's employment without discriminating because the individual can no longer perform the responsibilities related to the particular job, then it need not accommodate a handicapped employee to other employment that does not have some relationship to the responsibilities of the job he or she can no longer perform. For example, if there had been an opening in the accounting department of Owens-Illinois, obviously that would not be job-related to the woodcutting job responsibilities, and we would not need to address the questions of whether the accommodation was reasonable or would pose a hardship on the employer. Generally, whether the other

position is job-related, however, is a question of fact for the commission to determine. In this case, whether the woodcutter's responsibilities is job-related to other employment at the mill is a factual question for the commission.

Therefore, sec. 111.34 imposes a three-part test to determine whether there is discrimination in the type of situation before us: whether the employer has failed to accommodate the employee to a job-related responsibility; whether the accommodation would be reasonable; and whether the accommodation would pose a hardship on the employer's program, enterprise, or business.