IN the INTEREST OF T.P.S., a Person Under the Age of 18: P.S., Petitioner-Appellant,

v.

G.O., Respondent-Respondent.

Court of Appeals

*No. 91-2524-FT. Submitted on briefs March 6, 1992.—Decided March 24, 1992.*

(Also reported in 483 N.W.2d 591.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *J. Drew Ryberg* of *Kelly & Ryberg, S.C.* of Eau Claire.

On behalf of the respondent, the cause was submitted on the brief of *Cindra R. Carson* of Eau Claire.

On behalf of the guardian ad litem, the cause was submitted on the brief of *John K. Higley* of Menomonie.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. P.S., the mother of T.P.S., appeals an order dismissing her petition for termination of the father's parental rights.[1] The mother argues that the trial court erred by determining that the one-year period necessary for finding abandonment by G.O., the father, under sec. 48.415(1)(a)3, Stats., must immediately precede the filing of the petition for involuntary termination of parental rights. Alternatively, she argues that even if the one-year period must immediately precede the filing of the petition, the two visits by the father were incidental contact under sec. 48.415(1)(b) and, therefore, they do not preclude a finding that the father failed to visit or communicate with the child for one year or more.

We conclude that the one-year period under sec. 48.415(1)(a)3, Stats., need not immediately precede the filing of a petition for termination of parental rights, and, therefore, the trial court applied an improper standard of law. We also reject the mother's argument that the father abandoned the child as a matter of law. Consequently, the order is reversed and the cause is remanded for further proceedings.

---

[1] This is an expedited appeal under Rule 809.17, Stats.

261

The child was born out of wedlock on October 6, 1985. In a paternity proceeding, the trial court determined G.O. was the child's father and ordered him to pay child support. The father paid the ordered child support and first contacted the child on November 16, 1986. He visited the child six times between November 1986 and May 1987, when the communication and visits with the child stopped. Although the father corresponded with the mother five times between June 1987 and June 1990, it is undisputed that he did not visit or communicate with the child between June 1987 and December 1990, a total of three and one-half years.

After receiving a letter in January 1991 from the child's mother requesting voluntary termination of his parental rights, and up to the time of the evidentiary hearing, the father visited the child on five occasions. On April 17, 1991, the mother filed a petition for involuntary termination of the father's parental rights. The basis for the termination was abandonment under sec. 48.415(1)(a)3, Stats. Section 48.415 states in part:

GROUNDS FOR INVOLUNTARY TERMINATION OF PARENTAL RIGHTS. At the fact-finding hearing the court or jury may make a finding that grounds exist for the termination of parental rights. Grounds for termination of parental rights shall be one of the following:

(1) ABANDONMENT. (a) Abandonment may be established by a showing that:

. . ..

3. The child has been left by the parent with a relative or other person, the parent knows or could discover the whereabouts of the child and the parent has failed to visit or communicate with the child *for a period of one year or longer.*

(b) Incidental contact between parent and child shall not preclude the court from finding that

the parent has failed to visit or communicate with the child under par. (a)2 or 3 . . ..

(c) A showing under par. (a) that abandonment has occurred may be rebutted by other evidence that the parent has not disassociated himself or herself from the child or relinquished responsibility for the child's care and well-being. (Emphasis added.)

The trial court concluded that the mother failed to prove by clear and convincing evidence that the father abandoned the child because he visited the child within one year prior to the filing of the petition for termination of parental rights, and those contacts were not incidental. The trial court therefore dismissed the petition for termination of the father's parental rights.

We first address the mother's argument that the one-year period necessary for finding abandonment under sec. 48.415(1)(a)3, Stats., need not immediately precede the filing of the petition for termination of the father's parental rights. This issue involves the interpretation and application of sec. 48.415(1)(a)3. The construction and application of a statute to undisputed facts is a question of law that we review de novo. *Gonzalez v. Teskey,* 160 Wis. 2d 1, 7–8, 465 N.W.2d 525, 528 (Ct. App. 1990).

When interpreting a statute, we first look to the statutory language, and, if the statute's meaning is clear, we will not look outside the statute. *McMullen v. LIRC,* 148 Wis. 2d 270, 274, 434 N.W.2d 830, 832 (Ct. App. 1988). Only if the statute is ambiguous are we permitted to look beyond the statutory language. *In re J.S.P.,* 158 Wis. 2d 100, 107, 461 N.W.2d 794, 797 (Ct. App. 1990). Whether a statute is ambiguous is a question of law that we review de novo. *Moua by Schilling v. Northern States*

*Power Co.,* 157 Wis. 2d 177, 184, 458 N.W.2d 836, 839 (Ct. App. 1990). A statute is ambiguous only if it is capable of two or more reasonable interpretations. *See State ex rel. Newspapers, Inc. v. Showers,* 135 Wis. 2d 77, 87, 398 N.W.2d 154, 159 (1987).

Under sec. 48.415(1)(a)3, Stats., abandonment requires that the parent "failed to visit or communicate with the child for a period of one year or longer." The language of the statute is clear and unambiguous. If the parent failed to visit or communicate with the child for any one year or more, the fact-finder may find that the parent has abandoned the child. In sec. 48.415, where the legislature intended the time period to immediately precede the filing of the petition it has explicitly provided that certain requirements must occur "within [the appropriate time period] immediately prior to the filing of the petition." Section 48.415(3)(a), Stats. Absent this or similar language, we conclude that the one-year period in sec. 48.415(1)(a)3 need not immediately precede the filing of the termination petition.

Our analysis in *In re K.K.,* 162 Wis. 2d 431, 469 N.W.2d 881 (Ct. App. 1991), supports our conclusion. In *K.K.,* 162 Wis. 2d at 438, 469 N.W.2d at 884, a jury found that the respondent abandoned his children under sec. 48.415(1)(a)2, Stats. Section 48.415(1)(a)2 provides for a finding of abandonment if, among other requirements, "the parent has failed to visit or communicate with the child for a period of 6 months or longer." Except for the time period, this language is identical to the language we are considering under sec. 48.415(1)(a)3. In *K.K.,* we held that the respondent abandoned his children on December 25, 1986, six months after his last visit with them, regardless of the fact that the petition was filed on August 10, 1987. *Id.* at 441, 469 N.W.2d at

885. We did not require that the six-month period immediately precede the filing of the petition.

We conclude that sec. 48.415(1), Stats., is unambiguous. However, even if one were to construe the statute as ambiguous because there are two reasonable interpretations regarding whether the time period must immediately precede the filing of the termination petition, the legislative intent supports our conclusion that the one-year period need not immediately precede the filing of the petition. The drafting records indicate that the purpose of the bill was to supply clear time limits for establishing a presumption of abandonment under three sets of circumstances. For instance, the one-year abandonment was created for a situation where the parent leaves the child with a relative or friend but does not visit or care for the child. The legislature focused on the severity and completeness of abandonment, and to allow a parent to negate the presumption of abandonment created by a one-year period of noncontact by establishing contact right before the filing of a termination petition would undermine the legislative intent of the statute.

Based on our decision in *K.K.* and the plain meaning and legislative intent of sec. 48.415(1)(a)3, Stats., we conclude that the trial court applied an improper standard of law by holding that the father's one year or more of failing to visit or communicate with his child must immediately precede the filing of the petition. Because we conclude that the one-year period need not immediately precede the filing of the petition, we need not address the mother's argument that the father's contacts were incidental.

We next reject the mother's argument that because the father failed to communicate or visit with his child

between June 1987 and December 1990, he abandoned the child as a matter of law. The father's failure to have contact with his child during the time periods under sec. 48.415(1)(a), Stats., only establishes a *presumption* of abandonment. This presumption is not conclusive. Section 48.415(1)(c) provides that a showing under subsec. (a) of abandonment may be rebutted by other evidence that the father did not disassociate himself from his child or relinquish responsibility for his child's care and well being.

Here, the father testified that he did not visit or communicate with the child because the mother requested him not to. He stated that he honored her request out of respect for the child and to avoid a confrontation with the mother. The father also testified that he continued to pay child support, he did not intend to permanently end his relationship as the child's father and he continued to be concerned for the child's well-being. Additionally, the fact that the father reestablished contact with his child is evidence that he did not disassociate himself from the child. If this evidence is believed, the fact-finder could conclude that, pursuant to sec. 48.415(1)(c), Stats., the father rebutted the presumption of abandonment established under sec. 48.415(1)(a)3. Whether the father rebutted the presumption of abandonment is a matter for the fact-finder.

We also note that even if the fact-finder, on remand, should find that the father did not rebut the presumption of abandonment, the trial court may properly consider the father's testimony and the evidence that he reestablished contact with his child when deciding whether to terminate the father's parental rights. Where the fact-finder has determined that a father has aban-

doned his child, the trial court's decision whether to terminate the father's parental rights is still discretionary. *K.K.*, 162 Wis. 2d at 441, 469 N.W.2d at 885. We have held that a finding of abandonment under sec. 48.40, Stats. (1977),[2] is sufficient to *permit* the trial court to terminate parental rights, but the existence of statutory grounds for termination does *not require* the trial court to terminate the parent's rights. *In re J.L.W.*, 102 Wis. 2d 118, 130–31, 306 N.W.2d 46, 52 (1981) (emphasis added).

Therefore, we reverse the order and remand the cause for a determination, based upon a proper application of sec. 48.415(1)(a)3 and (c), Stats., whether an abandonment occurred, and, if so, whether the father's parental rights should be terminated.

*By the Court.*—Order reversed and cause remanded for further proceedings.

[2]Section 48.40 (1977), is the predecessor statute to sec. 48.415.