Douglas GOWAN, an individual, Plaintiff-Appellant,

v.

Michael B. MCCLURE (State of Wisconsin), an individual and John R. Teetaert, an individual, Defendants-Respondents.

Court of Appeals

*No. 93–2174. Submitted on briefs May 3, 1994.—Decided June 14, 1994.*

(Also reported in 519 N.W.2d 692.)

For the plaintiff-appellant the cause was submitted on the briefs of *Douglas Gowan*.

For the defendant-respondent Michael B. McClure the cause was submitted on the briefs of *James E. Doyle*, attorney general, by *Michael J. Losse*, assistant attorney general of Madison.

For the defendant-respondent John R. Teetaert the cause was submitted on the briefs of *Menn, Nelson, Sharratt, Teetaert & Beisenstein, LTD.*, by *Joseph J. Beisenstein* of Appleton.

906

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

WEDEMEYER, P.J.   Douglas Gowan, *pro se*, appeals from a judgment in favor of John Teetaert dismissing Gowan's cause of action on the merits and awarding Teetaert actual costs and attorney fees. Gowan also appeals from an order granting Michael McClure's request to dismiss Gowan's cause of action on the merits.

Gowan claims six instances of error. Upon review, we conclude that the essence of Gowan's appeal can be distilled to three issues: (1) whether the trial court erred as a matter of law in concluding that Gowan could not obtain a dismissal of the action without prejudice because one of two defendants in the lawsuit, Teetaert, filed a responsive pleading prior to Gowan's filing his request for dismissal; (2) whether the trial court erred in concluding that Gowan's cause of action against co-defendant McClure was properly dismissed on the merits even though McClure did not file a responsive pleading prior to Gowan's filing of his request for dismissal without prejudice; and (3) whether the trial court erred in awarding Teetaert actual costs and attorney fees following its decision that Gowan's action was frivolous. On the first and second issues, the trial court committed no error and, therefore, we affirm that part of the judgment. As to the third issue, there are inadequate findings of fact for us to entertain a proper review. Thus, we remand the case to the trial court for the necessary findings of fact as to frivolousness and costs.

## I.  BACKGROUND

This lawsuit arises as a result of proceedings concerning Delaware North Companies, Inc. and

Sportsystems Corporation which are corporate entities having an interest in parimutuel operations conducted in Wisconsin. Matters are now pending before the Wisconsin Gaming Commission which concern Delaware North, Sportsystems and one of the Wisconsin greyhound racing parks known as Fox Valley Greyhound Park. Teetaert is a practicing lawyer who represents both Delaware North and Sportsystems. McClure is general counsel for the Wisconsin Gaming Commission. Gowan is a consultant for Fox Valley Greyhound Park.

On April 16, 1993, Gowan, perturbed by a letter sent by Teetaert to McClure, filed a complaint against McClure and Teetaert. The complaint generally alleged that both defendants defamed Gowan and interfered with contractual rights which he had with other third parties. The complaint also alleged that the defendants had interfered with the constitutional rights of Gowan. Shortly thereafter, on April 19, 1993, Gowan filed an amended complaint alleging substantially the same assertions as in the original complaint.

Teetaert, on April 30, 1993, sent Gowan a notice requesting his presence for a deposition in Milwaukee on May 11, 1993. Teetaert subsequently served Gowan with a subpoena requiring him to appear for the deposition. The subpoena further commanded that Gowan bring certain documents relating to the litigation. Upon receiving the subpoena, Gowan filed a motion to quash his deposition. The motion was to be heard on May 10, 1993.

On May 7, 1993, Teetaert faxed a motion to dismiss and an answer to Gowan and to the Milwaukee County Clerk of Courts. On the same day, the motion and answer were sent by mail to the clerk of courts for Milwaukee County, to Gowan and to McClure.

The hearing on motions took place as scheduled on May 10. The trial court denied the motion to quash and ordered Gowan to comply with the notice of deposition and subpoena and appear for his deposition as scheduled on May 11. Later that same day, Gowan filed a "Notice of Dismissal and Stipulation to Notice of Dismissal without Prejudice" and "Motion to Dismiss Without Prejudice" with the trial court. Gowan also faxed a copy of these documents to Teetaert. Shortly thereafter, Teetaert faxed a communication to Gowan wherein he explained that because a responsive pleading had already been filed, Gowan could no longer unilaterally dismiss the complaint without prejudice pursuant to § 805.04, STATS. The communication further advised Gowan that the deposition for the following day would proceed as mandated by the trial court. Gowan responded by fax communication: "To be clear. Pursuant to my voluntary Stipulation to Dismiss Without Prejudice, I will not be attending the Deposition tomorrow, and in any event, I had a prior Court conflict." True to his word, Gowan did not appear for the deposition.

Teetaert subsequently moved to dismiss the complaint on the merits together with actual costs and attorney fees. A hearing on this motion occurred on June 21, 1993. Gowan failed to appear, excusing himself with a letter claiming a conflict, but he asked the court to proceed in his absence. The trial court desired more information before ruling as to whether Gowan's claims were frivolous. The trial court requested Teetaert's counsel to depose Gowan to ascertain the basis of his claims. The trial court directed Teetaert's counsel to fully advise Gowan of the proceedings that had taken place in the form of a comprehensive order. The explanatory letter and notice scheduling Gowan's

deposition for July 12, 1993, were mailed to Gowan by letter dated July 1, 1993. Gowan responded that he would not attend "any further depositions until the trial court made additional orders."

Another motion for dismissal on the merits with actual costs and attorney fees was scheduled. Gowan did not attend, but again informed the trial court that it should proceed with the hearing. The trial court granted the defendants' motion for dismissal of the action with prejudice. The trial court also granted Teetaert's request for actual costs and attorney fees. Gowan now appeals.

## II. DISCUSSION

Gowan's first issue of error is that the trial court improperly applied § 805.04(1), STATS., to the facts at hand and thereby improperly denied his motion to dismiss without prejudice. We are not persuaded.

This case involves the application of a statute to an undisputed set of facts, which presents this court with a legal issue that we decide *de novo*. *Bufkin v. Milwaukee Board of School Directors*, 179 Wis. 2d 228, 233, 507 N.W.2d 571, 573-74 (Ct. App. 1993).

Section 805.04(1), STATS., in relevant part, states: "An action may be dismissed by the plaintiff without order of court by serving and filing a notice of dismissal at any time before service by an adverse party of responsive pleading or motion or by the filing of a stipulation of dismissal signed by all parties who have appeared in the action."

The operative word in the statute for our purposes here is "service." If Teetaert appropriately served Gowan with a responsive pleading, then Gowan's attempt to voluntarily dismiss under § 805.04(1),

910

STATS., would not be capable of success. Section 801.14(2), STATS., the statute relating to service of pleadings and other papers, provides in pertinent part:

> Service upon . . . a party shall be made by delivering a copy or by mailing it to the last-known address, or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this section means: . . . transmitting a copy of the paper by facsimile machine to his or her office . . . . Service by mail is complete upon mailing. Service by facsimile is complete upon transmission.

The facts in this case clearly reveal that Gowan was "served" with responsive pleadings via two methods on May 7, 1993. First, on May 7, 1993, Teetaert transmitted a copy of the "Motion to Dismiss and Answer" by facsimile. Second, Teetaert also mailed a copy of the "Motion to Dismiss and Answer" on May 7. Under § 801.14(2), STATS., there is no doubt that Teetaert accomplished proper service prior to Gowan filing his request for a voluntary dismissal under § 805.04(1), STATS. Consequently, Gowan could no longer utilize § 805.04(1) as a means to unilaterally dismiss the action without prejudice as against Teetaert.

The more difficult issue to resolve is whether Teetaert's filing of responsive pleadings also foreclosed Gowan's request to voluntarily dismiss without prejudice his action against McClure. McClure concedes that he did not file responsive pleadings prior to Gowan's filing of his request to voluntarily dismiss the lawsuit. Nonetheless, McClure asserts that "the wording of the Wisconsin statute suggests that the filing of a responsive pleading by any defendant bars plaintiff

from unilaterally dismissing without prejudice against all defendants."

Resolving this issue requires us to engage in statutory construction. Statutory interpretation is a question of law which this court reviews *de novo. State v. Walworth County Circuit Court,* 167 Wis. 2d 719, 723, 482 N.W.2d 899, 900-01 (1992). As noted by the supreme court, "[t]he cardinal rule in all statutory interpretation . . . is to discern the intent of the legislature." *Scott v. First State Ins. Co.,* 155 Wis. 2d 608, 612, 456 N.W.2d 152, 154 (1990). In determining the legislative intent, we first look to the language of the statute itself and, if the statute's meaning is clear, we look no further. *In re T.P.S.,* 168 Wis. 2d 259, 263, 483 N.W.2d 591, 593 (Ct. App. 1992). "Only if the statute is ambiguous are we permitted to look beyond the statutory language." *Id.*

The words in § 805.04(1), STATS., which we must consider in resolving this issue are "action" and "an adverse party." The word "action" in the Wisconsin statutes denotes the entire controversy at issue. *See, e.g.,* § 801.02, STATS., ("A civil action in which a personal judgment is sought . . . ."); § 801.04(1), STATS., ("A court of this state may entertain a civil action . . . ."); § 801.58, STATS., ("Any party to a civil action . . . ."). Further, BLACKS LAW DICTIONARY 28 (6th ed. 1990) defines action in legal terminology as meaning "a lawsuit brought in a court." As to "an adverse party," we look specifically at the indefinite article "an." Indefinite articles precede a noun when the thing named is not already known to the reader. Further, "an" is used only with a singular count noun—that is, a singular noun that names something countable: an adverse party.

Thus, "an adverse party," as construed under § 805.04(1) simply means any one of the adverse parties in the lawsuit.

Our review of § 805.04(1), STATS., leads us to conclude that it is not ambiguous. On the contrary, when the statute is considered as a whole, its directive is quite clear. When any of the adverse parties to the action files a responsive pleading prior to the time in which the plaintiff attempts to unilaterally dismiss under § 805.04(1), a voluntary dismissal without prejudice to the plaintiff is no longer statutorily attainable. As noted by the trial court, this interpretation of the statute best serves the interests of all those involved in litigation in our state. Our interpretation recognizes that it would be anomalous for an action to be forced to proceed against one party, but not another, when all parties should be joined in the action. Further, as all the parties concede, the purpose underlying § 805.04(1) is to facilitate voluntary dismissals, but to limit them to an early stage of the proceedings before the issues are joined.

Our decision today is consonant with the Second Circuit Court of Appeals decision in *Harvey Aluminum v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir.), *cert. denied*, 345 U.S. 964 (1953). In *Harvey*, the court considered the federal equivalent to our § 805.04(1), STATS., — Rule 41(a)(1) of the Federal Rules of Civil Procedure. According to the Judicial Council Committee's Notes of 1974, § 805.04(1) is "generally equivalent" to Rule 41(a)(1). *Harvey* involved an action against three defendants. Two of the defendants participated in trial court proceedings to the extent that Rule 41(a)(1) prevented the plaintiff from voluntarily

dismissing its case against them. *Id.* at 107. Nonetheless, the plaintiff attempted to voluntarily dismiss the action as against all defendants. *Id.* The *Harvey* court held that because the plaintiff could not voluntarily dismiss its case against two of the defendants utilizing Rule 41(a)(1), then neither could the third defendant in the action be voluntarily dismissed under Rule 41(a)(1). *Id.* at 108. Although somewhat different factually, the underlying rationale of *Harvey* is applicable to the case at hand.

The last issue we address is whether the trial court acted improperly by granting Teetaert's request for actual costs and attorney fees following dismissal of the case as a frivolous action. As an initial matter, we note that the trial court had the power to award costs and reasonable attorney fees pursuant to either § 804.12, STATS., or § 814.025, STATS. It is, however, impossible to discern which statutory section the trial court chose to proceed under. During argument on the issue, Teetaert asked the trial court to find Gowan's lawsuit "frivolous within the meaning of the Wisconsin statute." In rendering its decision to award costs, however, the trial court relied on Gowan's refusal to comply with discovery orders. Rather than create findings to support a finding that Gowan's lawsuit was frivolous or that costs should be awarded based on discovery violations, we remand to the trial court for a hearing on the issue. The parties are directed to the case of *Sommer v. Carr*, 99 Wis. 2d 789, 299 N.W.2d 856 (1981), as a framework for a consideration of whether the lawsuit is frivolous under § 814.025, STATS., or to *Furrenes v. Ford Motor Co.*, 79 Wis. 2d 260, 255 N.W.2d 511 (1977), as a framework for a consideration of whether the case should be

dismissed and costs awarded as a penalty for noncompliance with discovery orders.

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded.