HARTFORD CITIZENS FOR RESPONSIBLE GOVERNMENT,
Plaintiff-Appellant,

v.

CITY OF HARTFORD BOARD OF ZONING APPEALS,
Defendant-Respondent,

WAL-MART STORES EAST, L.P.,
Intervenor-Respondent.

Court of Appeals

*No. 2007AP1265. Submitted on briefs April 22, 2008.
—Decided June 25, 2008.*

2008 WI App 107

(Also reported in 756 N.W.2d 454.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Joseph R. Cincotta* and *Elizabeth G. Rich* of *Law Offices of Joseph R. Cincotta*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Timothy J. Algiers* of *O'Meara Law Firm, LLP*, Hartford.

On behalf of the intervenor-respondent, the cause was submitted on the brief of *Daniel Kelly* of *Reinhart Boerner Van Deuren S.C.*, Milwaukee.

Before Anderson, P.J., Snyder and Neubauer, JJ.

¶ 1. NEUBAUER, J. Hartford Citizens for Responsible Government ("HCRG") appeals from the circuit court order denying its request to set aside a previous order dismissing as untimely its request for certiorari review. The circuit court found that HCRG arrived at the Washington County Clerk of Circuit Court office just after closing to file a last minute appeal from a decision of the City of Hartford Board of Zoning

*See Callaghan's Wisconsin Digest, same topic and section number.

Appeals. The clerk of circuit court accepted the papers but did not file them until the following day. As a result, the papers were filed outside of the thirty-day statutory time limit set forth in WIS. STAT. § 62.23(7)(e)10. (2005–06).[1]

¶ 2. HCRG raises two arguments on appeal. First whether the trial court erred in its determination that the clerk of circuit court's office policy precluded the filing of papers after the close of business hours, and second, whether the Board of Zoning Appeals decision was properly filed, thus triggering the deadline for filing an appeal. We conclude that the clerk of circuit court's office properly exercised its discretion in enforcing its filing policy and, therefore, we uphold the trial court's order denying HCRG's request to set aside its order dismissing its petition for certiorari review as untimely. We further conclude that we are without appellate jurisdiction to review the issue of whether the decision of the Board of Zoning Appeals was properly filed.

## BACKGROUND

¶ 3. The issues in this case stem from a decision of the City of Hartford Planning Commission to approve a final site plan for a Wal-mart Supercenter in Hartford. HCRG opposed the decision on the grounds that Wal-mart had not been required to obtain a conditional use permit for the Tire and Lube Express that would be a part of its store. HCRG filed an appeal with the Board of Zoning Appeals. The Zoning Board held a hearing on the matter on November 1, 2006. The Zoning Board

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

upheld the Planning Commission's decision, confirming that Wal-mart did not need a conditional use permit.

¶ 4. On November 29, 2006, the Zoning Board held a meeting to vote on the proposed Findings of Fact, Conclusions of Law and Decision. The Zoning Board approved the written decision. The minutes of that meeting indicate that "[t]he written decision was filed with the City Clerk at the close of the Zoning Board of Appeals meeting . . . ."

¶ 5. On January 2, 2007, Janice H. Hatch of HCRG arrived at the Washington County Clerk of Circuit Court's office to file a pro se appeal of the Zoning Board's decision. According to Hatch, when she arrived at the clerk of circuit court's office the door was locked and Hatch was told she could not enter the office. Before the circuit court, the parties disputed whether Hatch arrived just before or just after 4:30 p.m., the close of business hours. Hatch was told that they would take her papers but that they would not be "clocked in." Hatch's appeal was filed by the clerk of circuit court's office on January 3, 2007. On January 4, 2007, Hatch filed an affidavit with the court testifying to the circumstances surrounding the filing of the HCRG documents.

¶ 6. On February 5, 2007, the City of Hartford filed a motion to dismiss HCRG's action on the grounds that (1) the documents filed by Hatch on January 3, 2007, were not filed within thirty days of the filing of the Zoning Board's decision on November 29, 2006, contrary to Wis. Stat. § 62.23(7)(e)10.[2] and Hartford, Wis., Zoning Code § 13.1311 (2008); and (2) the docu-

[2] Wisconsin Stat. § 62.23(7)(e)(10)., which governs city zoning appeals, provides: "Any person or persons, jointly or severally aggrieved by any decision of the board of appeals, or any taxpayer, or any officer, department, board or bureau of the municipality, may, within 30 days after the filing of the decision

434

ments failed to state a claim. On February 7, 2007, the Zoning Board filed a motion to dismiss on the same grounds. Hatch responded to the motions on February 9, 2007, requesting a continuance to allow her to prepare for a hearing. However, on February 13, 2007, determining that the matter could be decided without further hearing, the circuit court issued a written decision and order dismissing HCRG's action as untimely under WIS. STAT. § 62.23(7)(e)(10)., governing certiorari review.

¶ 7. The circuit court reasoned that HCRG's own documents reflect that the Zoning Board rendered a decision on November 1, 2006, which was formally adopted on November 29, 2006. Therefore, "the thirtieth day after rendering the decision would fall on Friday, December 29, 2006. Even granting an extension for weekends and legal holidays, the latest date for commencing this action is Tuesday, January 2, 2007, which is a workday. Since this action was not commenced within the thirty-day period, this court is without jurisdiction to continue to hear this matter."[3] The court did not reach the issue of whether the documents failed to state a claim due to HCRG's failure to file a summons and complaint.[4]

---

in the office of the board of appeals, commence an action seeking the remedy available by certiorari."

[3] The trial court's calculation that the thirty-day period ended on January 2, 2007, is undisputed. The record indicates that the Zoning Board's decision was not filed until after 5:00 p.m. on November 29, 2006.

[4] The circuit court additionally deemed moot Wal-mart's motion to intervene in the circuit court action. By order of this court dated July 13, 2007, Wal-mart was permitted to intervene on appeal. *Hartford Citizens for Responsible Gov't v. City of Hartford Bd. of Zoning Appeals*, 2007 AP 1265, unpublished slip op. at 2 (Wis. App. July 13, 2007).

¶ 8. On March 19, 2007, HCRG filed a motion for reconsideration of the court's February 13 order for dismissal requesting an opportunity to present evidence regarding the events of January 2 and 3, 2008, as to whether the "paperwork was timely filed." HCRG, now represented by counsel, filed a brief in support of its motion for reconsideration on April 23, 2007, contending that the evidence supported a finding that HCRG's documents were tendered to the clerk of circuit court's office at or before 4:30, and if not, the clerk of circuit court acted unreasonably in refusing to file the papers which were tendered at most a few minutes past closing.

¶ 9. The circuit court held a motion hearing on April 24, 2007, at which Hatch and Paula Pawl testified on behalf of HCRG. Kristine Deiss, the Clerk of Circuit Court for Washington County, and clerk of circuit court office employees, Patricia Philipps and Theresa Russell, also testified. At the close of testimony and arguments, the circuit court determined: "[Hatch] clearly was making every attempt to make it, and clearly was aware that January 2nd was the deadline for filing these papers . . . but clearly I'm satisfied that the record establishes that her actual arrival at the clerk of court's office was after the close of business; that is, after 4:30 in the afternoon on that particular day." With respect to the clerk of circuit court's office filing policy, the court found that the clerk of circuit court had developed a "bright-line rule" and that it had not erroneously exercised its discretion in doing so. The court found that "the filing was not done in a timely manner as required by law" and "that untimely filing deprives this court of any jurisdiction to hear this matter in any form."

436

¶ 10. The court entered an order for dismissal in which it denied HCRG's motion to set aside the court's February 13 order. HCRG appeals.[5]

## DISCUSSION

### 1. Timeliness

¶ 11. On appeal, HCRG does not challenge the trial court's finding that Hatch arrived at the clerk of circuit court's office after 4:30 p.m., the close of the clerk's office business hours. Rather, it contends that, pursuant to WIS. STAT. § 59.40, HCRG's pleadings were "properly deposited" on January 2 and therefore were required to be filed by the clerk of circuit court.

¶ 12. Whether a pleading was properly deposited within the meaning of WIS. STAT. § 59.40(2) presents a question of law which we review de novo. *See Gowan v.*

---

[5] On appeal, Wal-Mart contends that we need not reach the merits of HCRG's appeal because HCRG is not appealing from the circuit court's ruling on the issue presented in its motion for reconsideration—namely, whether Hatch arrived at the clerk of circuit court's office before the end of the business day—and does not meet the requirements for relief under WIS. STAT. § 806.07.

HCRG does not appeal from the circuit court's factual finding that Ms. Hatch arrived after 4:30 p.m. on January 2, 2007. It does, however, appeal from the court's further determination at the reconsideration hearing as to whether HCRG's papers were properly deposited with the clerk of circuit court on that day. This court issued an order dated August 27, 2007, which recognized that only the issues raised by the motion for reconsideration were properly before this court, *i.e.,* the issue of when the papers were filed. *Hartford Citizens for Responsible Gov't v. City of Hartford Bd. of Zoning Appeals,* 2007 AP 1265, unpublished slip op. at 2 (Wis. App. August 27, 2007).

*McClure*, 185 Wis. 2d 903, 912, 519 N.W.2d 692 (Ct. App. 1994) (statutory interpretation is a question of law which this court reviews de novo). The cardinal rule in statutory construction is to discern the intent of the legislature. *Id.* In so doing, we first look to the language of the statute itself. *Id.* If the statute's meaning is clear, we look no further. *Id.* Only if the statute is ambiguous may we look beyond the statutory language. *Id.*

¶ 13. Pursuant to Wis. Stat. § 62.23(7)(e)10., a person may commence an action seeking certiorari review of a Board of Zoning Appeals decision within thirty days after the filing of the decision in the office of the board of appeals. Wisconsin Stat. § 59.40 provides:

> **(2)** Clerk of court; to keep court papers, books and records. The clerk of circuit court shall:
>
> (a) File and keep all papers *properly deposited* with him or her in every action or proceeding unless required to transmit the papers. The papers may be microfilmed or microphotographed, or transferred to optical disks or electronic format if authorized under s. 59.52(14), and the originals may thereafter be destroyed upon compliance with SCR chapter 72. (Emphasis added.)

HCRG argues that their papers were "properly deposited" with the clerk at the time that they were delivered and received at the clerk of circuit court's office. The City and Wal-mart contend that the clerk properly exercised her discretion in enforcing her policy that papers presented after business hours will not be filed until the following business day.

¶ 14. All parties recognize that our decision in *Granado v. Sentry Insurance*, 228 Wis. 2d 794, 599 N.W.2d 62 (Ct. App. 1999), and the supreme court's decision in *St. John's Home v. Continental Casualty Co.*,

438

150 Wis. 2d 37, 441 N.W.2d 219 (1989) (per curiam), provide guidance on the issue of last minute filings outside of usual business hours.

¶ 15. In *St. John's Home,* the supreme court addressed whether depositing a petition for review in that court's clerk's office after the close of the office's normal business day on the thirtieth day following an adverse decision of the court of appeals constituted a timely filing of the petition for review. *Id.* at 40. There, at approximately 5:15 p.m., an attorney arrived at the supreme court clerk's office intending to deliver and file a petition for review. *Id.* at 41. The clerk's office business hours ended at 5:00 p.m. and it was closed for the day. *Id.* However a law clerk encountered the attorney when leaving the offices and upon the attorney's request, unlocked the offices and permitted the attorney to leave the petition for review on the receptionist's counter. *Id.* Because the documents had not been received for filing before 5:00 p.m., the petition was deemed to be late and the court issued an order dismissing the petition on timeliness grounds. *Id.*

¶ 16. On a motion for reconsideration, the court acknowledged that there had been times when lawyers or litigants had arrived at the clerk's office after 5:00 p.m. to find the office still open and were permitted to file their documents. *Id.* at 42. In light of that fact, the court concluded that the petition would be deemed timely filed but from that point forward "[a]ny papers or documents delivered or received at the clerk's office after 5 p.m. will be treated as having been filed as of the following day." *Id.* at 45–46. The court reasoned that the timeliness of filing should not be governed by happenstance and, therefore, rejected as "too problematic and

cumbersome" any rule which would condone after hours delivery and receipt of a petition for review. *Id.* at 43–44.

¶ 17. Later in *Granado*, this court addressed whether a summons and complaint given to the clerk of circuit court at his home at 9:30 p.m. on the last day of a statute of limitations period was timely filed. *Granado*, 228 Wis. 2d at 796. We held that "the legislature intended that a pleading is filed when it is properly deposited with the clerk." *Id.* In examining what it means to file a pleading, we looked to the clerk's power and authority. *Id.* at 800. We observed that a clerk is an elected constitutional officer and, as elected officials, clerks are entitled to exercise some discretion in the performance of their duties. *Id.* However, the legislature has imposed some limitations under WIS. STAT. § 59.20(3)(a) which requires that "[a]ll such officers shall keep their offices open during the usual business hours of any day except Sunday, as the board directs."

¶ 18. The *Granado* court declined the invitation to construe the statutory language as confining the clerk of circuit court to accepting papers only during usual business hours set by the county board concluding that such an interpretation would be inconsistent with the discretion accorded an elected official and unreasonable. *Granado*, 228 Wis. 2d at 801–02. The court also rejected the application of a bright-line rule as was done in *St. John's* on the grounds that *St. John's* involved an appointed position of the supreme court and not an elected official. *Granado*, 228 Wis. 2d at 802–03. We held that "[w]hat is proper will vary from case to case depending upon the circumstances," however, "[t]hose papers deposited with the clerk during usual business hours and at the county provided office

440

are properly deposited for purposes of the time and place of filing." *Id.* at 804, 805.

¶ 19. The court upheld the dismissal of the appeal in *Granado* as untimely filed concluding that the clerk's decision to accept papers at his home at 9:30 at night resulted in an exercise of discretion that "impermissibly surpassed the legislative strictures he was subject to." *Id.* at 805. "The further removed the manner in which clerks exercise their discretion is from the legislative guidelines, the more potential there is for unpredictability and abuse." *Id.* at 804.

¶ 20. Here, HCRG argues that under *Granado*, its papers were most certainly properly deposited as they were at the clerk of circuit court's office—the official place of the clerk's business—"within seconds" of closing. HCRG contends that *Granado* requires the clerk of circuit court to exercise flexibility, which the county board usurped by establishing a rigid policy for accepting filings during the clerk's business hours from 8:00 a.m. to 4:30 p.m. Thus, HCRG contends, the circuit court erred when it "essentially found that because there was a county board policy, the clerk had no discretion to 'accommodate' a slightly tardy citizen seeking to file his or her claims." However HCRG's reliance on *Granado* is misplaced and its characterization of the circuit court's ruling is flawed.

¶ 21. The circuit court found that "the clerk of courts has developed the bright-line rule . . . which they clearly applied in this instance." The court's finding is consistent with the clerk of circuit court's testimony that: the regular hours of operation for the Washington County Clerk of Court's office are from 8:00 a.m. to 4:30 p.m.; the county board set the hours of operation; the clerk has a policy that filings and pleading will be accepted for filing during the hours that the clerk's

office is open; that policy extends to faxes and electronic filings; those faxes and electronic filings which are not received at the clerk's office before 4:30 p.m. are retained in queue and not filed until the following day; and the policy had been consistently applied. The clerk testified:

> [I]t's happened a few times before where people have attempted to file papers after our 4:30 time . . . we make it very clear to them that we cannot officially file them; i.e., receive them as a legal document within our office, but that we will hold them and file them the following day as a courtesy to them so they don't have to come back.
>
> But my policy has been for the past ten years, and the policy has been in place even prior to that, that we do not accept papers for filing after 4:30 [p.m.] on, well, any given day that we're open.

It is clear from the record that the clerk of circuit court, not the county board, established the policy regarding filings and, in exercising her discretion in her elected office, the clerk chose to establish a bright-line rule. We therefore uphold the circuit court's finding to that effect. *See* WIS. STAT. § 805.17(2) (court of appeals will not overturn trial court's findings of fact unless they are clearly erroneous).

¶ 22. HCRG challenges the circuit court's "primary ruling" that *Granado* does not require flexibility. However, we do not read *Granado* as requiring flexibility. Rather, we read *Granado* as holding that this constitutional officer has the discretion to adopt a policy, as long as the policy complies with the statutory "guidelines indicating when and where the clerk's duties should be performed," as set forth in WIS. STAT.

§§ 59.20(3) and 59.40(2). *Granado*, 228 Wis. 2d at 804. In his or her discretion, the clerk may adopt a policy that is flexible or one that restricts filings to regular business hours. The reasonableness of the Washington County Clerk of Circuit Court's policy of confining filings to regular business hours is supported by the similar policy of our supreme court and the rationale behind that policy. *See St. John's*, 150 Wis. 2d at 44 (concluding that a bright-line rule requiring filing during usual business hours would alleviate unpredictability and potential for abuse).

¶ 23. We therefore uphold the circuit court's determination that the clerk of circuit court properly exercised her discretion in filing HCRG's appeal on January 3, and as such, we uphold the circuit court's order denying HCRG's motion to reconsider its dismissal of HCRG's appeal as untimely.

### 2. Failure to Properly File Board of Zoning Appeals Decision

¶ 24. We next turn to HCRG's argument that the Board of Zoning Appeals failed to file its decision within the office of the Board. In a July 13, 2007 order we concluded that the notice of appeal was untimely to permit review of the underlying February 13, 2007 circuit court order dismissing HCRG's appeal of the zoning board's decision and, as such, only the issues raised by the motion for reconsideration may be raised on appeal. *Hartford Citizens for Responsible Gov't v. City of Hartford Bd. of Zoning Appeals*, 2007 AP 1265, unpublished slip op. at 2 (Wis. App. July 13, 2007). We affirmed that ruling in an order dated August 27, 2007, in response to Wal-Mart's motion to dismiss this appeal. *Hartford Citizens for Responsible Gov't v. City of Hartford Bd. of Zoning Appeals*, 2007 AP 1265, unpub-

443

lished slip op. at 2 (Wis. App. August 27, 2007). HCRG's motion for reconsideration filed March 19, 2007, was limited to the issue of the timeliness of the filing of the appeal with the clerk of circuit court on January 2, 2007. Therefore, we are without appellate jurisdiction to address HCRG's argument as to whether the zoning board's decision was properly filed with the Office of the Board of Zoning Appeals on November 29, 2006.

## CONCLUSION

¶ 25. We conclude that the Washington County Clerk of Circuit Court did not erroneously exercise her discretion in enforcing her policy requiring papers to be presented to her office for filing within the clerk of circuit court office's regular business hours. We therefore affirm the circuit court's denial of HCRG's motion to reconsider the dismissal of its petition for certiorari review as untimely.

*By the Court.*—Order affirmed.