STOUGHTON TRAILERS, INC., Petitioner-Appellant,†

v.

LABOR AND INDUSTRY REVIEW COMMISSION and
Douglas Scott Geen, Respondents-Respondents.

Court of Appeals

*No. 2004AP1550. Submitted on briefs December 16, 2004.
—Decided July 27, 2006.*

**2006 WI App 157**

(Also reported in 721 N.W.2d 102.)

† Petition to review granted 11/6/06.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Amy O. Bruchs, Farrah N.W. Rifelj* and *Christine Cooney Mansour* of *Michael Best & Friedrich LLP*, Madison.

On behalf of the respondents-respondents, the cause was submitted on the briefs of *David C. Rice,* assistant attorney general, and *Peggy A. Lautenschlager*, attorney general, and *Christopher J. Blythe* of *Lawton & Cates, S.C.*, Madison.

Before Lundsten, P.J., Vergeront and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J. This is the second appeal of this case. In the first appeal we reversed the Labor and Industry Review Commission's decision that Stoughton Trailers, Inc., Douglas Geen's employer, had reasonably accommodated Geen's disability, and remanded the case to LIRC to answer two questions: "(1) whether on the present facts Stoughton [Trailers] terminated Geen's employment because of his disability; and (2) whether the [Family Medical Leave Act (FMLA)] or regulations enacted thereunder affect [Stoughton Trailers'] claim that it reasonably accommodated Geen's disability, and if so, how." *Geen v. LIRC*, 2002 WI App 269, ¶ 36, 258 Wis. 2d 498, 654 N.W.2d 1.

¶ 2. After remand, LIRC concluded that Stoughton Trailers had violated Wis. Stat. § 111.321 (2003–04)[1] of the Wisconsin Fair Employment Act (WFEA) by terminating Geen's employment "because of" his disability within the meaning of Wis. Stat. §§ 111.322 and 111.34, and by refusing to reasonably accommodate his disability within the meaning of

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

757

§ 111.34(1)(a). The circuit court affirmed LIRC's determination. Stoughton Trailers appeals. We conclude that LIRC's determination that Stoughton Trailers violated the WFEA by terminating Geen's employment because of his disability is based on a reasonable interpretation of the statute and comports with its purpose. Stoughton Trailers fails to convince us that its interpretation of the statute is more reasonable. We also conclude that LIRC properly exercised its discretion in ordering Geen's remedy. Finally, we conclude that LIRC's determination that Stoughton Trailers failed to reasonably accommodate Geen's disability was a reasonable application of the WFEA and an interpretation not contrary to its clear meaning. Accordingly, we affirm.

## FACTS

¶ 3. The findings of fact from LIRC's September 11, 2003 decision, described more in depth in *Geen*, 258 Wis. 2d 498, ¶¶ 3–14, are not disputed. We repeat in this section only the most pertinent findings for purposes of this appeal.

¶ 4. Geen worked for Stoughton Trailers, a manufacturer of semi-trailers, for approximately eight years, until Stoughton Trailers fired him on January 31, 1997, for exceeding the allowed number of absences under its self-described "no fault" attendance policy. The attendance policy is a point-based system under which employees are assigned "occurrences" for absences, subject to limited exceptions including "[a]bsences meeting State and Federal Family and Medical Leave [FMLA] laws." At the time he was fired, by Stoughton Trailers' count, Geen had accrued 6.5 occurrences. The occurrence that raised his point tally from 5.5 to 6.5, putting him over the allowed limit, was related to the period of

time from January 24 (a Friday) through January 28, 1997 (a Tuesday), when Geen was absent due to migraine headaches.

¶ 5. When Geen returned to work on January 29, Tammy Droessler, Stoughton Trailers' human resources administrator, gave Geen a standard letter reminding Geen that he was required to bring in a release-for-work slip; that to have his absence qualify as a medical leave, Geen needed to provide medical documentation from his physician detailing a reason for his absence and an expected date of return; and that to qualify for FMLA leave, he needed to complete a Department of Labor medical certification form. The letter instructed Geen to submit the documentation within fifteen calendar days of the letter's date, the minimum time the FMLA requires employers to give employees to submit medical certification. *See* 29 C.F.R. § 825.305(b).

¶ 6. On January 30, Geen gave Droessler a note from the physician who treated him, Dr. M. A. Hansen, stating that he was being evaluated for migraines. In response, Geen was reminded that he needed an additional note from the doctor stating that he could return to work without restrictions.

¶ 7. Geen returned to Hansen's office on January 31, 1997, and obtained a note indicating he was released for work without restrictions. This release also indicated Geen had been unable to work on January 27 and 28. However, the note did not address Geen's absence or work capabilities on January 24. Geen gave the note to Droessler the same day, but was then informed he was being fired because his medical documentation did not excuse him for January 24, causing him to accrue an occurrence for that date, and putting his total occurrences at 6.5.

¶ 8.　At the time he was fired, Geen indicated that his doctor needed additional time to evaluate him before he could bring in more medical documentation. In response, Geen was informed about his options for appealing to the Attendance Review Board. Geen consequently filed an appeal, which the review board ultimately rejected.

## PROCEDURAL BACKGROUND

¶ 9.　Geen filed a discrimination complaint with the Department of Workforce Development, Equal Rights Division, alleging that Stoughton Trailers discriminated against him on the basis of disability in violation of the WFEA. *See Geen*, 258 Wis. 2d 498, ¶ 10. An administrative law judge ruled that (1) Geen had a disability as defined by the WFEA; (2) Geen's employment was terminated, "in part because of that disability"; and (3) Stoughton Trailers failed to reasonably accommodate Geen's disability. *Id.* Stoughton Trailers appealed to LIRC. *Id.*, ¶ 11. LIRC reversed the ALJ's decision, ruling that Stoughton Trailers did not refuse to reasonably accommodate Geen's disability. *Id.*, ¶ 12. LIRC did not determine whether Stoughton Trailers terminated Geen's employment "because of" his disability.[2]

¶ 10.　Geen appealed LIRC's decision to the circuit court, which reversed LIRC.[3] *Id.*, ¶ 13. Stoughton Trailers appealed to this court. *Id.*, ¶ 14. Concluding that LIRC had not resolved the issue of whether Geen's

[2] While LIRC did state in its Conclusion of Law No. 6 that "Respondent did not discriminate against Complainant because of disability," it did not address the narrower question of whether Geen's *termination* was "because of" disability. *See Geen v. LIRC*, 2002 WI App 269, ¶¶ 2, 17, 33–34, n.8, 258 Wis. 2d 498, 654 N.W.2d 1.

[3] The court reversed LIRC's conclusions that Stoughton Trailers did not discriminate against Geen because of disability

termination was "because of" disability, and that LIRC should have considered the application of the FMLA to Geen's case, we modified the circuit court's reversal order, directing LIRC on remand to clarify two points: whether Stoughton Trailers terminated Geen's employment because of his disability and whether Stoughton Trailers' possible violation of the FMLA or the regulations enacted thereunder affected Stoughton Trailers' claims that it reasonably accommodated Geen's disability. *Id.*, ¶¶ 2, 36.

¶ 11. On remand, LIRC, applying the mixed motive test, concluded that Stoughton Trailers fired Geen in part because of absences caused by his disability, in violation of the WFEA. *Geen v. Stoughton Trailers, Inc.*, ERD Case No. 199700618 (LIRC, September 11, 2003). LIRC additionally concluded that Stoughton Trailers failed to reasonably accommodate Geen's disability as required by the WFEA by failing to give him the time required by the FMLA to certify and document his medical condition before it fired him. *Id.* LIRC issued a cease and desist order, ordered Stoughton Trailers to offer Geen reinstatement with back benefits, and awarded him back pay and reasonable and actual attorney fees and costs. *Id.*

¶ 12. Stoughton Trailers sought judicial review of LIRC's September 11, 2003 decision. The circuit court affirmed the substantive aspects of LIRC's decision.[4] Stoughton Trailers appeals.

---

and that Stoughton Trailers did not refuse to reasonably accommodate Geen's disability, while affirming its conclusions that Geen was disabled and that the disability was reasonably related to his ability to perform job-related responsibilities. *See Geen*, 258 Wis. 2d 269, ¶¶ 12–13.

[4] However, the circuit court reversed and remanded on the issue of attorney's fees. The circuit court's order reducing the attorney's fees is not part of this appeal.

## ANALYSIS

¶ 13. The WFEA prohibits discrimination in employment "because of" disability. WIS. STAT. §§ 111.321, 111.322(1), 111.34. Following our past decisions interpreting WIS. STAT. § 111.34, including *Geen*, we begin our analysis by noting that Geen's disability discrimination claim involves three elements of proof.

> First, Geen must establish that he has a disability within the meaning of Wisconsin's fair employment law. Second, Geen must prove that Stoughton [Trailers] terminated him because of his disability. Third, if Geen proves these two elements, the burden then shifts to Stoughton [Trailers] to justify the termination. Stoughton [Trailers] may do so by proving that Geen's disability is "reasonably related" to his ability to do his job *and* that either: (1) Stoughton [Trailers] reasonably accommodated Geen's disability prior to his termination; or (2) any accommodation would have posed a hardship on its business.

*Geen*, 258 Wis. 2d 498, ¶ 15 (citations omitted).

¶ 14. As we observed in *Geen*, the parties agree that Geen's migraine headaches are a disability under the WFEA and that the disability was reasonably related to Geen's ability to do his job. *Id.*, ¶ 16. Furthermore, Stoughton Trailers does not claim that a reasonable accommodation of Geen's disability would have imposed a hardship on its business. *Id.* Thus, we consider only two issues in this appeal: (1) whether Stoughton Trailers terminated Geen's employment "because of" his disability, and if so, (2) whether Stoughton Trailers reasonably accommodated Geen's disability prior to his termination.

## I. STANDARD OF REVIEW

¶ 15. This appeal is taken from a circuit court decision affirming an administrative agency's decision. We review the agency's decision, not the circuit court's, and the scope of our review is the same as the circuit court's. *Target Stores v. LIRC*, 217 Wis. 2d 1, 11, 576 N.W.2d 545 (Ct. App. 1998). Stoughton Trailers does not challenge LIRC's findings of fact, conceding that the agency's findings of fact "accurately describe the sequence of events." Therefore, our review is limited to LIRC's interpretation and application of WIS. STAT. §§ 111.321,[5] 111.322(1),[6] and 111.34,[7] which is a question of law.[8] Although we ordinarily review such questions of law de novo, we often give agency decisions

[5] Listing the categories protected from discrimination under the WFEA, including disability.

[6] Making it illegal to engage in certain actions, including terminating a person's employment, on the basis of disability or other protected category.

[7] WISCONSIN STAT. § 111.34(1)(b) provides that discrimination because of disability includes "[r]efusing to reasonably accommodate an employee's or prospective employee's disability unless the employer can demonstrate that the accommodation would pose a hardship on the employer's program, enterprise or business." Section 111.34(2)(a) further explains that "[n]otwithstanding s. 111.322, it is not employment discrimination because of disability to [terminate a person's employment] . . . if the disability is reasonably related to the individual's ability to adequately undertake the job-related responsibilities of that individual's employment, membership or licensure."

[8] While an employer's motivation is a question of ultimate fact, *Hoell v. LIRC*, 186 Wis. 2d 603, 614, 522 N.W.2d 234 (Ct. App. 1994), the question of whether termination "because of" disability includes terminations because of disability-related

increasing degrees of deference, from due weight to great weight, to correspond with the agency's expertise in areas of the law that it has most frequently addressed. *Kannenberg v. LIRC*, 213 Wis. 2d 373, 384–85, 571 N.W.2d 165 (Ct. App. 1997).

¶ 16. An agency's determination is entitled to great weight when the legislature has charged it with the duty of administering a statute, when the agency has extensive experience and expertise in interpreting and applying the statute at issue, when its interpretation is a longstanding one, and when the agency's interpretation will provide uniformity and consistency in the statute's application. *Hutchinson Tech., Inc. v. LIRC*, 2004 WI 90, ¶ 22, 273 Wis. 2d 394, 682 N.W.2d 343. Under the great weight standard, we will uphold an agency's interpretation as long as it is reasonable and not contrary to the statute's clear meaning, even if we find a different interpretation more reasonable. *UFE Inc. v. LIRC*, 201 Wis. 2d 274, 287, 548 N.W.2d 57 (1996).

¶ 17. We apply a lesser degree of deference—due weight—"when the agency has some experience in the area, but has not developed the expertise which necessarily places it in a better position to make judgments regarding the interpretation of the statute than a court." *Id.* at 286.

> The deference allowed an administrative agency under due weight is not so much based upon its knowledge or skill as it is on the fact that the legislature has charged the agency with the enforcement of the statute in

absences is a question of law, though mixed with policy and value judgments. *Geen*, 258 Wis. 2d 498, ¶ 35.

question. Since in such situations the agency has had at least one opportunity to analyze the issue and formulate a position, a court will not overturn a reasonable agency decision that comports with the purpose of the statute unless the court determines that there is a more reasonable interpretation available.

*Id.* at 286–87.

¶ 18. We apply the de novo standard of review in those situations "when the issue before the agency is clearly one of first impression, or when an agency's position on an issue has been so inconsistent *so as to* provide no real guidance." *Id.* at 285 (citations omitted).

¶ 19. Stoughton Trailers argues that we should not accord any deference to LIRC's decision, but should review it de novo because its decision was inconsistent with previous agency decisions. Geen and LIRC counter that we should give LIRC's decision great weight, due to the agency's extensive experience and expertise in interpreting and applying the WFEA. LIRC alternatively proposes that because its decision after remand differs to some degree from two previous decisions addressing similar issues, we may appropriately accord due weight deference.

¶ 20. For the reasons set forth below, we apply the due weight standard of review to LIRC's "because of" disability decision. We also conclude that the great weight standard of review is appropriate for LIRC's reasonable accommodation decision. We address the appropriate standard of review for each issue separately.

¶ 21. Regarding the issue of whether Geen's employment was terminated "because of" his disability

within the meaning of the WFEA, we recognized in *Geen* that the question is one of law, which we appropriately could have addressed without remanding to LIRC, but we nonetheless remanded the issue to LIRC. *Geen*, 258 Wis. 2d 498, ¶ 35. We explained that we did so because the legal question "is intertwined with value and policy judgments, and its resolution by the commission will benefit from the commission's expertise in matters relating to employment, and from its experience in interpreting and administering the WFEA." *Id.* For the same reasons—because the question presented here involves policy implications, and because LIRC offers expertise and experience in the interpretation of the WFEA's "because of disability" language—we reject Stoughton Trailers' argument that only de novo review applies. However, because LIRC concedes that it took a somewhat different approach here than in previous cases addressing somewhat similar issues, *Geen v. Stoughton Trailers, Inc.*, ERD Case No. 199700618 (LIRC, September 11, 2003), we conclude that LIRC's discrimination decision is entitled to due weight rather than great weight deference.

¶ 22. Regarding the appropriate standard of review for LIRC's interpretation and application of the WFEA's reasonable accommodation requirement, we conclude that LIRC's determination is entitled to great weight deference. In *Target Stores*, we explained why great weight consideration should be given to LIRC's interpretations of the WFEA's reasonable accommodation requirement in disability cases:

> First, LIRC is charged with adjudicating appeals from the hearing examiner's decision on complaints under the WFEA, § 111.39(5), STATS., which includes complaints under § 111.322, STATS., for handicap discrimi-

nation. Second, § 111.34(1), STATS., was enacted in 1981 and LIRC has developed experience and expertise in interpreting this section. Third, by according great deference to these determinations, we will promote greater uniformity and consistency than if we did not do so. Fourth, this determination is intertwined with factual determinations. Fifth, this determination involves value and policy judgments about the obligations of employers and employees when an employee, or prospective employee, has a handicap.

*Target Stores*, 217 Wis. 2d at 13 (citations omitted). We see no good reason to deviate from the traditional great weight standard of deference for LIRC's reasonable accommodation decision. Stoughton Trailers contends that LIRC's reasonable accommodation determination is inconsistent with its previous reasonable accommodation decisions, but fails to explain how those decisions differ from the case at hand. Stoughton Trailers also fails to explain why we should ignore firmly established case law setting forth our standard of review of LIRC's reasonable accommodation decisions. We therefore reject Stoughton Trailers' assertion that we should apply a de novo standard of review, rather than great weight, to LIRC's September 11, 2003, reasonable accommodation determination.

## II. DISCRIMINATION "BECAUSE OF" DISABILITY

¶ 23. Stoughton Trailers contends that LIRC erred in determining that Stoughton Trailers discriminated against Geen "because of" his disability by discharging him under a "no fault" attendance policy for absences caused by a disability. In support of this contention Stoughton Trailers argues that: (1) LIRC's decision was inconsistent with previous LIRC decisions addressing the application of "no fault" attendance

policies to disabled employees; (2) LIRC erred by applying the mixed motive test adopted by *Hoell v. LIRC*, 186 Wis. 2d 603, 608–11, 522 N.W.2d 234 (Ct. App. 1994), to the facts of this case; (3) if the approach LIRC took in Geen's case were applied to other cases involving "no fault" attendance policies, it would prevent employers from being able to discharge employees for illness; and (4) LIRC ordered the wrong remedy.

¶ 24. Applying the due weight standard, we hold that LIRC's determination that Stoughton Trailers discriminated against Geen by terminating his employment because of his disability is based on a reasonable interpretation of Wis. Stat. §§ 111.321, 111.322(1), and 111.34, and that Stoughton Trailers has failed to convince us that its interpretation of these statutes is more reasonable. We consider each of Stoughton Trailers' arguments in turn.

### A. *"No Fault" Attendance Policy Precedents*

¶ 25. Stoughton Trailers first argues that LIRC's decision that Geen's employment was terminated because of his disability is inconsistent with previous disability discrimination decisions made by LIRC involving "no fault" attendance policies. Specifically, Stoughton Trailers asserts that LIRC's decision conflicts with its first decision in this case and with its decisions in *Gordon v. Good Samaritan Medical Center*, ERD Case No. 8551631 (LIRC, April 26, 1988), and *Gee v. ASAA Technology, Inc.*, ERD Case No. 8901783 (LIRC, January 15, 1992). Stoughton Trailers argues that LIRC is bound by these controlling precedents and therefore its decision here should be rejected on that basis.

¶ 26. Stoughton Trailers' argument ignores our conclusion in *Geen* that, in its first decision, LIRC did

not decide the question of whether Stoughton Trailers fired Geen "because of" his disability. *Geen*, 258 Wis. 2d 498, ¶¶ 2, 17, 33–34, n.8. We acknowledged that LIRC did make comments on the topic, but we did not consider those comments to be a decision on this issue. *Id.* Thus, there was no prior ruling by LIRC on this issue that bound LIRC on remand.

¶ 27. Regarding Stoughton Trailers' argument that LIRC's decision in this case conflicts with the precedents of *Gordon* and *Gee*, we first note that it is well-established law in Wisconsin that administrative agencies may deviate from prior agency policy and practice as long as a satisfactory explanation is provided. *See* Wis. Stat. § 227.57(8). In this case, we conclude that, to the extent LIRC deviated from its approach to similar issues in *Gordon* and *Gee*, it satisfactorily explained in its post-remand decision its reasons for doing so, and for consequently rejecting Stoughton Trailers' application of the two cases.

¶ 28. LIRC concluded that *Gordon* did not apply because the ALJ's decision in *Gordon* was not based on a conclusion that the employer's application of its "no fault" attendance policy to terminate Gordon was lawful; rather, the ALJ's decision "rested primarily on the conclusion that the employee . . . lacked the ability to perform the work because of the employee's disability." LIRC explained that "[t]he reasoning of the administrative law judge in [*Gordon*], that it was not disability discrimination to apply minimum uniform attendance requirements to persons whose disabilities may cause them to miss work, was thus in the nature of dicta." *Geen v. Stoughton Trailers, Inc.*, ERD Case No. 199700618 (LIRC, September 11, 2003). LIRC explained that *Gee*'s passing reference to *Gordon* and the "no fault" policy issue was similarly just dicta, conclud-

ing that "[b]ecause in neither *Gordon* nor *Gee* was the question determinative of the outcome of the case, and because in neither case was the question addressed with the depth appropriate to its importance, the commission finds those cases less than persuasive." *Id.*

¶ 29. LIRC further observed that the current commission viewed the issue differently than the commissions that decided *Gordon* and *Gee* because of the intervening *Hoell* decision by our court which necessarily affected its analysis. Concluding that it was not bound by these past decisions, LIRC explained that

> to the extent that *Gordon* and *Gee* hold that a discharge is not "because of" disability where it is in part because of absences that are caused by the disability, those decisions are arguably inconsistent with and have thus been to some extent supplanted by the 1994 decision of the Court of Appeals in *Hoell*.

*Id.*

¶ 30. We conclude that LIRC's reading of *Gordon* and *Gee* is not unreasonable. Neither case resolved, nor addressed beyond dicta, whether an employer discriminates against an employee "because of disability" when it applies a "no fault" attendance policy to fire employees whose absences are caused by disability. We agree with LIRC that in both *Gordon* and *Gee* this issue was not central to its holdings. We also agree with LIRC that the adoption of the mixed motive test in *Hoell*, discussed more in depth below, may have affected the viability of the commission's decisions in *Gordon* and *Gee*, to the extent that either case addressed the issue. For these reasons we conclude that LIRC provided a satisfactory explanation for any inconsistency between

its approach here and in past decisions to the issue of applying "no fault" attendance policies to absences caused by disability.

## B. *Mixed Motive Test*

¶ 31. Stoughton Trailers next contends that LIRC erred by applying the mixed motive test to the facts of this case.[9] It argues that the mixed motive test applies only when animus or discriminatory intent is at issue.[10] Therefore, according to Stoughton Trailers, because LIRC expressly found that Stoughton Trailers was not "motivated by bias against Geen because of his disability" in its first decision, *Geen v. Stoughton Trailers*, ERD Case No. 199700618 (LIRC, August 31, 2000), and because LIRC made no specific finding of intentional discrimination in its second decision, which is before us in this appeal, LIRC's application of the mixed motive test was in error. This argument is without merit.

¶ 32. The mixed motive test was first applied to discrimination claims under the WFEA in *Hoell*. We explained in *Hoell* that the mixed motive test applies where "the adverse employment decision resulted from a mixture of legitimate business reasons and prohibited discriminatory motives." *Hoell*, 186 Wis. 2d at 608; *see also Price Waterhouse v. Hopkins*, 490 U.S. 228, 247

---

[9] Stoughton Trailers also argues LIRC should not have even considered whether the mixed motive test applied to these facts; it asserts that Geen first raised this argument before the circuit court on appeal of LIRC's August 31, 2000 decision, thereby waiving the argument here. That appeal is not before us. Moreover, Geen raised the issue before LIRC after remand. Thus the issue is properly before us in this appeal.

[10] Stoughton Trailers appears to use the terms "animus" and "discriminatory intent" interchangeably. For purposes of this discussion, we use the term "intent."

(1989). The *Hoell* court found that an employee's request for leave due to pregnancy was a motivating factor for her termination. Applying the mixed motive test, we consequently concluded that she was fired in part due to pregnancy, without engaging in any analysis of the employer's intent or frame of mind regarding the disability. *Hoell*, 186 Wis. 2d at 613, 615. In adopting the mixed motive test in *Hoell*, we concluded that it was appropriate to apply the test in cases brought under the WFEA. *Id.* at 611.

¶ 33. Turning to Stoughton Trailers' argument, we observe that it points to no legal authority standing for the proposition that, under Wisconsin law, a complainant alleging discrimination in part "because of" disability must prove discriminatory intent beyond showing that disability was a factor leading to an adverse employment decision. Stoughton Trailers misapprehends the mixed motive test in asserting it applies only where discriminatory intent is at issue; as we explained above, the mixed motive test applies where the record contains evidence showing an employer was motivated by prohibited and non-prohibited factors in taking an adverse employment action against an employee. *Id.* at 608. In other words, discriminatory intent is not part of the analytical paradigm of the mixed motive test.

¶ 34. In support of its assertion that the mixed motive test adopted in *Hoell* "is a test of discriminatory *intent*," (i.e., the employer's actual frame of mind) as opposed to motivating *factors* (such as disability or pregnancy), Stoughton Trailers cites *Department of Employment Relations v. WERC*, 122 Wis. 2d 132, 139–40, 361 N.W.2d 660 (1985), and *Abioye v. Sundstrand Corp.*, 164 F.3d 364, 369 (7th Cir. 1998). These

are not WFEA cases. *Employment Relations* concerned a claim for unfair labor practices under WIS. STAT. § 111.84. *Employment Relations*, 122 Wis. 2d at 138. *Abioye* concerned claims brought under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. *Abioye*, 164 F.3d at 366. The WFEA and its disability discrimination provisions apply a different analytical framework than do these other statutes. These cases do not persuade us that Stoughton Trailers' interpretation of the mixed motive test is more reasonable than LIRC's.

¶ 35. We also observe that LIRC's application of the *Hoell* mixed motive standard to cases involving "no fault" attendance policies enforced against disabled employees comports with the purpose of WFEA's disability discrimination provisions, namely to encourage and foster the employment of persons with disabilities, *McMullen v. LIRC*, 148 Wis. 2d 270, 275, 434 N.W.2d 830 (Ct. App. 1988), and to facilitate the performance of their job-related responsibilities, *Geen*, 258 Wis. 2d 498, ¶ 19. We therefore conclude LIRC's construction and application of the WFEA in this regard was reasonable and consistent with the WFEA's clear meaning and purpose, and that Stoughton Trailers has not persuaded us that its view of the mixed motive standard is more reasonable.

C. *Stoughton Trailers' Slippery Slope Argument*

¶ 36. Stoughton Trailers next argues that LIRC's interpretation of the WFEA would effectively prevent employers from counting any illness against an employee under its "no fault" attendance policy. We disagree.

773

¶ 37. LIRC's use of the mixed motive test in this context does not prevent an employer from applying its "no fault" attendance policy to an employee who is absent for reasons not related to a disability. Not all absences are related to a person's disability; indeed, simply because a person may be ill does not necessarily mean that illness is a disability within the meaning of the statute. Similarly, just because a disabled person is absent does not mean the absence is necessarily due to the person's disability, triggering reasonable accommodation requirements. An employer may continue to apply its "no fault" attendance policy as long as the policy does not result in an adverse employment action taken because of an employee's disability and as long as the policy is otherwise compliant with the law.

## D. Appropriate Remedy Determination

¶ 38. Finally, Stoughton Trailers contends that, even if *Hoell* applies to this case, LIRC ordered the wrong remedy. Stoughton Trailers appears to argue that under *Hoell*, LIRC's discretion in awarding relief to Geen was limited to attorney's fees and a cease and desist order. Stoughton Trailers misreads *Hoell*.

¶ 39. In *Hoell* we explained which remedies are appropriate under various scenarios in mixed motive cases. Where an employee is terminated in part because of an impermissible motivating factor and in part because of other motivating factors, and where the termination would not have occurred in the absence of the impermissible motivating factor, LIRC has discretion to award some or all of the following remedies: a cease and desist order, reinstatement, attorney's fees,

back pay, and/or interest. *Hoell*, 186 Wis. 2d at 609–10. This is such a case. Here, LIRC concluded that Geen was discharged, in part, because of absences caused by his disability and, in part, because of absences not caused by his disability. LIRC also expressly concluded that the discharge would not have occurred but for Geen's last two absences, which were caused by his disability. LIRC apparently determined that it was appropriate to award Geen the full scope of remedies *Hoell* indicated it could under such circumstances. Stoughton Trailers has not persuaded us that LIRC improperly exercised its discretion by making this award.

## III. REASONABLE ACCOMMODATION

¶ 40. WISCONSIN STAT. § 111.34 provides in part:

**(1)** Employment discrimination because of disability includes, but is not limited to:

. . . .

(b) Refusing to reasonably accommodate an employee's or prospective employee's disability unless the employer can demonstrate that the accommodation would pose a hardship on the employer's program, enterprise or business.

As we noted, Stoughton Trailers does not contend that accommodating Geen's disability would pose a hardship on it. Therefore, the only issue we consider here is whether LIRC's determination that Stoughton Trailers discriminated against Geen by failing to reasonably accommodate his disability was reasonable. Applying the great weight standard, we conclude that LIRC reasonably interpreted and applied § 111.34(1)(b) when it concluded that Stoughton Trailers failed to reasonably accommodate Geen's disability.

¶ 41. The reasonable accommodation statute, Wis. Stat. § 111.34(1)(b), is a remedial statute designed to address the problem of discrimination against disabled persons. *McMullen*, 148 Wis. 2d at 275. As such, it must be broadly construed to effectuate its remedial purpose. *Id.* The legislative intent and purpose of the reasonable accommodation statute is to encourage and foster, to the greatest extent practicable, the employment of all properly qualified individuals regardless of disability, *id.*, and to allow employees to adequately undertake job-related responsibilities. *Geen*, 258 Wis. 2d 498, ¶ 19.

¶ 42. Stoughton Trailers contends LIRC erred by concluding that it did not reasonably accommodate Geen's disability. We disagree.

¶ 43. Stoughton Trailers argues that it reasonably accommodated Geen's disability by permitting him to submit a properly completed FMLA medical certification form.[11] LIRC rejected this argument, concluding that Stoughton Trailers "did not fully comply with the FMLA in its dealings with Geen in this matter." We

---

[11] Stoughton Trailers also challenges several of our conclusions in *Geen* regarding the construction and application of the FMLA. Specifically, Stoughton Trailers argues that we erred in construing and applying 29 C.F.R. § 825.305(b) (requiring employers to give employees at least fifteen calendar days to submit a medical certification form from the date when an employee receives notice that such documentation is required), 29 C.F.R. § 825.203(a) and other statutes governing intermittent leave, and 29 C.F.R. § 825.305(d) (requiring an employer to give an employee a reasonable opportunity to cure any inadequacies in a medical certification form). We considered and rejected these same arguments in *Geen*. We are bound by that decision. *See Cook v. Cook*, 208 Wis. 2d 166, ¶ 55, 560 N.W.2d 246 (1997).

indicated in *Geen* that Stoughton Trailers may have violated the FMLA and we then left it to LIRC to conclusively determine whether that was the case, and if so, to consider that violation in light of the WFEA to determine whether Stoughton Trailers reasonably accommodated Geen's disability. *Geen*, 258 Wis. 2d 498, ¶¶ 31–32, 36. Here, however, we need not address the issue of whether LIRC's interpretation of the FMLA is correct.[12] LIRC also concluded that, whether or not Stoughton Trailers complied with the FMLA, Stoughton Trailers failed to reasonably accommodate Geen's disability by failing to exercise "clemency and forbearance," as that term was interpreted and applied in *Target Stores*. We now consider this alternative reason for LIRC's determination that Stoughton Trailers did not reasonably accommodate Geen's disability.

¶ 44. Stoughton Trailers argues that LIRC erred by concluding that Stoughton Trailers failed to reasonably accommodate Geen by not granting him the reasonable accommodation of "clemency and forbearance." LIRC determined that, whether or not Geen was properly afforded the opportunity to cure any deficiencies in his medical certification, Stoughton Trailers also failed to reasonably accommodate Geen because it did not give his doctors the opportunity to determine the extent of his medical problems and the necessary treatment options. Stoughton Trailers contends LIRC was selecting a particular accommodation, which, under Wisconsin law, it lacks the authority to do. While it may be true that, if an employer offers a reasonable accommodation, LIRC may not penalize the employer for offering a

---

[12] If a decision on one point is dispositive, we need not address other issues raised. *Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938).

different reasonable accommodation than the one LIRC or the employee would prefer, this is not such a case. Rather, the reasonable accommodation issue in this case mirrors that in *Target Stores*.

¶ 45. In *Target Stores*, we held that LIRC reasonably interpreted WIS. STAT. § 111.34(1)(b) when it determined that an employer's decision to discharge an employee for sleeping at work, despite its knowledge that the sleeping was caused by the disability of sleep apnea, that the employee was being evaluated by her doctor, and that new medical treatment was forthcoming, violated the WFEA. *Target Stores*, 217 Wis. 2d at 18–19. Target claimed to have offered reasonable accommodations, but LIRC concluded that failing to provide the necessary "clemency and forbearance" of waiting to see if the new treatment worked constituted a refusal to reasonably accommodate the employee's disability. *Id.* at 14.

¶ 46. In this case, LIRC similarly did not "choose" one reasonable accommodation over another; applying the rule in *Target Stores* on "clemency and forbearance," LIRC concluded here that

> Stoughton should have extended to him the reasonable accommodation of "clemency and forbearance," temporarily tolerating the absences which were being caused by his disability, while the medical intervention which had already begun was allowed to take its course and to potentially resolve the problem of those absences.

¶ 47. It is reasonable for LIRC to conclude that, where an employer knows the employee's medical evaluation is pending, as in this case, an employer should exercise "clemency and forbearance" in reasonably accommodating an employee's disability by not immediately discharging that employee until the full

extent of the disability, and the resulting accommodations the employer should provide, can be determined. This is consistent with *Target Stores* and it is consistent with the purpose of the statute. Therefore, under the great weight deference standard of review, we affirm LIRC's conclusion that Stoughton Trailers did not reasonably accommodate Geen's disability.

## CONCLUSION

¶ 48. We conclude that LIRC's determination that Stoughton Trailers violated the WFEA by terminating Geen's employment because of his disability is based on a reasonable interpretation of WIS. STAT. §§ 111.321, 111.322(1) and 111.34, and also comports with the purpose of the statute. Since Stoughton Trailers fails to offer a more reasonable interpretation of these statutes, we consequently affirm LIRC's "because of" decision under the due weight standard of review. We also conclude that LIRC properly exercised its discretion in applying *Hoell*'s mixed motive test to fashion the scope of Geen's remedy. We further conclude, applying the great weight standard of review, that LIRC reasonably interpreted and applied the WFEA by determining that Stoughton Trailers failed to reasonably accommodate Geen's disability. We therefore affirm the circuit court's order in all respects affirming LIRC's decision.

*By the Court.*—Order affirmed.