County of Dane, Plaintiff-Appellant,†

v.

Labor and Industry Review Commission
and Gloria N. Graham, Defendants-Respondents.

Court of Appeals

*No. 2006AP2695. Submitted on briefs January 26, 2007.*
*—Decided November 29, 2007.*

**2007 WI App 262**

(Also reported in 744 N.W.2d 613.)

† Petition to review granted 4/14/08.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Timothy J. Yanacheck* of *Bell, Gierhart & Moore, S.C.*, Madison.

On behalf of the defendant-respondent Labor and Industry Review Commission, the cause was submitted on the brief of *David A. Hart*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the defendant-respondent Gloria N. Graham, the cause was submitted on the brief of *Raymond G. Clausen* of *Clausen & Severson*, Madison.

Before Dykman, Vergeront and Lundsten, JJ.

¶ 1. LUNDSTEN, J. Under Wisconsin worker's compensation law, may an injured worker receive a "disfigurement" award based on a limp? The Labor and Industry Review Commission (LIRC) has previously answered this question twice—in 1986 answering yes, and in 1994 answering no. In its 2006 decision in this case, LIRC answered the question yes. Dane County contends the answer should be no, and appeals the circuit court's order upholding LIRC's decision. We consider whether, in light of LIRC's changes in position on the issue since 1986, we should accord any deference to LIRC's current decision. We conclude that LIRC's yes answer in this case is entitled to due weight deference and is a reasonable interpretation of the law. We further conclude that LIRC's previous no answer is not a more reasonable interpretation. Accordingly, we affirm the circuit court's order.[1]

## *Background*

¶ 2. In July 2001, Gloria Graham slipped and fell on a wet floor while at work. One of her legs twisted behind her back and she sustained an injury to her knee. As a result, she has a limp, persistent pain, strength loss in her joints, and poor balance when walking without a cane.

¶ 3. Graham's limp was described by the administrative law judge (ALJ) as "a mixture of a limp and a

---

[1] We certified this case to the supreme court, but the supreme court refused certification.

foot drag." The ALJ stated that "watching her walking with such difficulty was painful."

¶ 4. The County conceded worker's compensation liability and paid certain benefits to Graham, including "permanent partial disability for 25 percent loss at knee." The County and Graham disputed, however, whether Graham was entitled to an additional benefit for disfigurement based on her limp. The operative statute, WIS. STAT. § 102.56(1) (2005–06),[2] provides, in relevant part, as follows:

> If an employee is so permanently disfigured as to occasion potential wage loss, the department may allow such sum as it deems just as compensation therefor . . . . Consideration for disfigurement allowance is confined to those areas of the body that are exposed in the normal course of employment. The department shall also take into account the appearance of the disfigurement, its location, and the likelihood of its exposure in occupations for which the employee is suited.

¶ 5. The ALJ ruled in Graham's favor, concluding that the look of her legs and her altered gait would negatively affect her potential employability and the wage that she will earn. LIRC affirmed the ALJ, adopting the ALJ's findings and order. The circuit court affirmed LIRC's order, and the County appealed.

¶ 6. We reference additional facts as needed below.

### Discussion

### A. Level Of Deference

¶ 7. LIRC concluded here that a limp may be a "disfigurement" under Wisconsin worker's compensa-

---

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

tion law. We review LIRC's decision, not the circuit court's. *Stoughton Trailers, Inc. v. LIRC*, 2007 WI 105, ¶ 26, 303 Wis. 2d 514, 735 N.W.2d 477. The first question we must decide is what level of deference applies to LIRC's interpretation of Wis. Stat. § 102.56(1) to allow a disfigurement award based on a limp.

¶ 8.    The supreme court has summarized the three levels of deference as follows:

> A reviewing court accords an interpretation of a statute by an administrative agency one of three levels of deference—great weight, due weight or no deference—based on the agency's expertise in the area of law at issue.
>
> An agency's interpretation of a statute is entitled to great weight deference when:  (1) the agency was charged by the legislature with the duty of administering the statute; (2) the interpretation of the agency is one of long-standing; (3) the agency employed its expertise or specialized knowledge in forming the interpretation; and (4) the agency's interpretation will provide uniformity in the application of the statute.
>
> We grant an intermediate level of deference, due weight, "where an agency has some experience in the area, but has not developed any particular expertise in interpreting and applying the statute at hand" that would put the agency in a better position to interpret the statute than a reviewing court.
>
> > The deference allowed an administrative agency under due weight is not so much based upon its knowledge or skill as it is on the fact that the legislature has charged the agency with the enforcement of the statute in question. [Under the due weight standard] . . ., a court will not overturn a reasonable agency decision that comports with

834

the purpose of the statute unless the court determines that there is a more reasonable interpretation available.

We apply de novo review when "there is no evidence that the agency has any special expertise or experience interpreting the statute[,] . . . the issue before the agency is clearly one of first impression, or . . . the agency's position on an issue has been so inconsistent so as to provide no real guidance."

*Stoughton Trailers*, 2007 WI 105, ¶¶ 26–29 (citations omitted).

¶ 9.  The County concedes that LIRC would ordinarily be entitled to great weight deference on an issue like the one here. The County argues, however, that LIRC "forfeited" its entitlement to great weight deference by departing from its previous interpretation of Wis. Stat. § 102.56(1) in *Spence v. POJA Heating & Sheet Metal Co.*, WC Claim No. 88–018562 (LIRC, Jan. 20, 1994). In addition, the County argues that *Spence* is a longstanding construction and, therefore, must be accorded great weight deference. The County cites to case law stating that " '[l]ong-standing administrative construction of a statute is accorded great weight in the determination of legislative intent because the legislature is presumed to have acquiesced in that construction if it has not amended the statute.' " *Hacker v. DHSS*, 197 Wis. 2d 441, 460, 541 N.W.2d 766 (1995) (quoting *Layton Sch. of Art & Design v. WERC*, 82 Wis. 2d 324, 340, 262 N.W.2d 218 (1978)). We are not persuaded.

¶ 10.  In its decision, LIRC acknowledged that its conclusion here is inconsistent with its previous decision in *Spence*. In *Spence*, LIRC disallowed a disfigurement award based on a limp, reasoning that disfigurement "historically" meant injuries resulting in

amputation, scars, or burns. LIRC concluded here, however, that it had erred in *Spence* because nothing in Wis. Stat. § 102.56(1) limits disfigurement to amputations, scars, and burns. Instead, LIRC explained, "consideration for disfigurement allowance is confined to those areas of the body that are exposed in the normal course of employment." LIRC noted that its conclusion here is consistent with *Jorgensen v. Wisconsin Department of Veterans Affairs*, WC Claim No. 84–27383 (LIRC, Oct. 10, 1986), a limp case predating *Spence* that allowed a disfigurement award based, in part, on the limp.[3]

¶ 11.  The County's argument is flawed because *Spence* itself is a departure from LIRC's prior decision in *Jorgensen*. By the County's logic, LIRC forfeited any entitlement to great weight deference when it decided *Spence*. Moreover, the case law on which the County relies is inapplicable. Those cases do not involve situations in which an agency has changed position on an issue. *See Hacker*, 197 Wis. 2d at 460; *Layton Sch. of Art*, 82 Wis. 2d at 340.

¶ 12.  LIRC and Graham argue that LIRC's present interpretation of the statute is entitled to great weight deference. We focus on the second of the four requirements for great weight deference—that an agency interpretation is one of long standing—and note that LIRC and Graham offer no argument explaining why LIRC's present interpretation of Wis. Stat. § 102.56(1) is one of long standing even though it represents a change from *Spence*, LIRC's previous decision on the topic. We per-

[3] One commissioner in Graham's case dissented, relying on *Spence v. POJA Heating & Sheet Metal Co.*, WC Claim No. 88–018562 (LIRC, Jan. 20, 1994). Neither the dissenting commissioner here nor LIRC in its *Spence* decision addressed *Jorgensen v. Wisconsin Department of Veterans Affairs*, WC Claim No. 84–27383 (LIRC, Oct. 10, 1986).

ceive no reason why LIRC's present interpretation should be treated as one of long standing.[4] Consequently, we turn our attention to whether due weight deference or no deference applies.

¶ 13. Neither party provides developed argument regarding what level of deference we should apply if we do not apply great weight deference to the decision of each party's choosing.[5] Accordingly, we look to three principles from case law that appear to be most applicable.

¶ 14. First, courts ordinarily apply due weight deference when an agency has " 'some experience in the area, but has not developed any particular expertise in interpreting and applying the statute at hand.' " *Stoughton Trailers*, 2007 WI 105, ¶ 28 (citation omitted). Here, LIRC easily meets the "some experience" standard. LIRC has significant experience in interpreting WIS. STAT. § 102.56(1). The County does not argue otherwise.

¶ 15. Second, the decision to accord an agency due weight deference is not so much based on the agency's knowledge or skill as it is on the fact that the legislature has charged an agency with enforcement of the statute. *Stoughton Trailers*, 2007 WI 105, ¶ 28. There is no dispute that LIRC is an agency charged with enforcement of the statute.

---

[4] The circuit court agreed that LIRC's interpretation here is not one of long standing.

[5] As noted in the text, the County does not take a clear position on due weight or no weight deference. The County sometimes argues that LIRC's interpretation of WIS. STAT. § 102.56(1) in Graham's case is *un*reasonable, but at other times suggests that this interpretation is simply *less* reasonable than LIRC's interpretation in *Spence*.

¶ 16.  Last, courts give *no* deference to an agency's conclusion of law when the agency's position on the issue " 'has been so inconsistent so as to provide no real guidance.' " *Id.*, ¶ 29 (citation omitted). Notably, the County does not argue that LIRC's position has been "so inconsistent so as to provide no real guidance." Likewise, we find little assistance in the case law for determining when an agency's change in position on an issue should be considered so inconsistent as to provide no real guidance.[6]

¶ 17.  We conclude that an agency's change in position does not, by itself, constitute an inconsistency that results in "no real guidance." We discern at least two potentially overlapping situations in which an inconsistency results in a lack of guidance. First, an

---

[6] *See Responsible Use of Rural and Agric. Land (RURAL) v. PSC*, 2000 WI 129, ¶ 23 & n.11, ¶ 24, 239 Wis. 2d 660, 619 N.W.2d 888 (applying due weight deference to the PSC's application of a statute in one case despite direct inconsistency with PSC's application of the same statute in another case); *cf. id.*, ¶ 99 (Abrahamson, C.J., dissenting) ("[T]he PSC has apparently had only two opportunities to interpret the relevant laws and those two interpretations are inconsistent. Under these circumstances neither of the agency's interpretations provides real guidance to the courts."); *see also Stoughton Trailers, Inc. v. LIRC*, 2006 WI App 157, ¶ 21, 295 Wis. 2d 750, 721 N.W.2d 102 (applying due weight deference even though LIRC "took a somewhat different approach . . . than in previous cases addressing somewhat similar issues"), *aff'd,* 2007 WI 105, ¶¶ 31–32, 303 Wis. 2d 514, 735 N.W.2d 477 (agreeing with conclusion that due weight deference was appropriate); *cf. Marten Transp., Ltd. v. DILHR*, 176 Wis. 2d 1012, 1019, 501 N.W.2d 391 (1993) (concluding that LIRC's decision was not entitled to any deference because LIRC had taken a contrary position on the same issue within a two-month period).

agency might purport to adhere to a rule, but apply it inconsistently to various similar fact situations, so that parties are left to wonder how the agency might apply the rule to their facts. Second, an agency might frequently change position without acknowledging prior contrary positions, leaving parties unable to reasonably predict the view the agency will adopt in future cases. Neither situation is present here. LIRC's present decision takes the clear position that a limp may constitute a "disfigurement" under Wisconsin worker's compensation law.[7] And LIRC has not frequently changed positions without acknowledging a change. *Jorgensen* was decided in 1986. A little more than seven years later, in 1994, LIRC issued *Spence*. Now, twelve years after *Spence*, LIRC has decided Graham's case. And here, LIRC acknowledged *Spence* and provided an explanation for departing from that decision.

¶ 18. In light of the considerations discussed above, we will apply due weight deference to LIRC's conclusion that a limp may be a "disfigurement" under Wis. Stat. § 102.56(1).

*B. Application Of Due Weight Deference To LIRC's Present Interpretation Of Wis. Stat. § 102.56(1)*

¶ 19. As already indicated, LIRC interpreted Wis. Stat. § 102.56(1) in Graham's case to allow a disfigurement award based on her limp. The County, in contrast, interprets the statute as LIRC did in *Spence* to preclude

---

[7] Whether a particular limp is significant enough to be afforded disfigurement status is not an issue before us. There is no dispute that, if a limp may constitute a disfigurement, Graham's limp is significant enough to qualify.

a disfigurement award based on a limp. For the reasons that follow, we conclude that LIRC's interpretation is reasonable and that the County's interpretation is not more reasonable.

¶ 20.   As noted above, LIRC acknowledged in its decision here that its interpretation of WIS. STAT. § 102.56(1) is inconsistent with *Spence*. LIRC concluded, however, that it had erred in *Spence*. Unlike its *Spence* decision, LIRC focused here on the full text of the statute, observing that nothing in § 102.56(1) limits disfigurement to amputations, scars, and burns. Moreover, LIRC observed, the ordinary and accepted meaning of disfigurement is not nearly so limited. Dictionary definitions of "disfigure" include the following:

> **1:** to make less complete, perfect, or beautiful in appearance or character

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 649 (unabr. ed. 1993).

> **1:** to impair (as in beauty) by deep and persistent injuries

WEBSTER'S NEW COLLEGIATE DICTIONARY 327 (1977).

¶ 21.   LIRC also correctly recognized that the term "disfigurement" in WIS. STAT. § 102.56(1) is qualified by the following language:   "Consideration for disfigurement allowance is confined to those areas of the body that are exposed in the normal course of employment." LIRC reasoned that Graham's limp is exposed in the normal course of her employment and, therefore, that her limp falls within this qualifying language.

¶ 22.   LIRC's present interpretation comports with the manifest purpose of disfigurement awards:   to compensate an employee for potential wage loss resulting

from negative perceptions about a physical abnormality when those perceptions are not justified by any corresponding functional limitations. *Cf. Eaton Corp. v. LIRC*, 122 Wis. 2d 704, 709, 364 N.W.2d 172 (Ct. App. 1985) ("[Wisconsin Stat. § 102.56] affords the department substantial leeway in calculating a sum to compensate workers who most likely will never know the full extent to which their disfigurements reduced their wages."). Undoubtedly, potential employers may have negative perceptions of a limp such as Graham's, and those perceptions may negatively impact wage-earning potential beyond what any corresponding functional limitations justify. The circumstances of Graham's case are illustrative. The facts found by the ALJ show that at least one potential employer was concerned that Graham had multiple sclerosis or had suffered a stroke.

¶ 23.  Finally, LIRC's present interpretation comports with the primary purpose of the worker's compensation act, to compensate injured workers for loss of wage-earning power, *see, e.g., Kohler Co. v. DILHR*, 42 Wis. 2d 396, 408, 167 N.W.2d 431 (1969), and with the general principle that the act is liberally construed to effectuate this purpose, *see, e.g., Green Bay Packaging, Inc. v. DIHLR*, 72 Wis. 2d 26, 37, 240 N.W.2d 422 (1976).

¶ 24.  In sum, LIRC's present interpretation is reasonable. Thus, we turn to the County's proffered interpretation.

¶ 25.  The County points to the statement in LIRC's *Spence* decision proclaiming that disfigurement has "historically" been understood to mean amputations, scars, and burns. This statement in *Spence*, however, is unsupported by discussion or authority. Without further explanation, we decline to hold that the County's interpretation of Wis. Stat. § 102.56(1) is more reasonable

than LIRC's present interpretation based on the "historical" understanding of disfigurement.

¶ 26. The County argues that published case law involving disfigurement claims shows that, in each case, the claim was based on an amputation, scars, or burns. *See Oshkosh Pure Ice Co. v. Industrial Comm'n*, 240 Wis. 482, 484–85, 3 N.W.2d 681 (1942) (scar tissue); *Voll v. Industrial Comm'n*, 239 Wis. 71, 74–75, 300 N.W. 772 (1941) (burns); *Kenwood Merch. Corp. v. LIRC*, 114 Wis. 2d 226, 228–31, 338 N.W.2d 312 (Ct. App. 1983) (amputation); *Evans Bros. Co. v. LIRC*, 113 Wis. 2d 221, 222–25, 335 N.W.2d 886 (Ct. App. 1983) (scars). As the County concedes, however, the meaning of disfigurement was not at issue in any of those cases. At most, such cases show that disfigurement awards are often based on an amputation, scars, or burns.

¶ 27. We conclude that the County's proffered interpretation is not more reasonable than LIRC's present interpretation. Accordingly, we affirm LIRC's conclusion that a limp may be a "disfigurement" under Wis. Stat. § 102.56(1) and, therefore, affirm the circuit court.

*By the Court.*—Order affirmed.